### BOYD v. STATE. (No. 8418.)

(Court of Criminal Appeals of Texas. April 30, 1924. Rehearing Denied June 18, 1924.)

Criminal law ⬧982—Accused two months beyond 25 years of age held over 25 years old, and not entitled to suspended sentence.

Accused who was two months beyond the age of 25 years when she committed the offense of selling intoxicating liquor *held* over 25 years of age, and not entitled, under Acts 37th Leg. 1st Called Sess. c. 61, § 2d (Vernon's Ann. Pen. Code Supp. 1922, art. 588¼a4), to the benefit of the Suspended Sentence Law.

Appeal from District Court, Young County; H. R. Wilson, Judge.

Maud Boyd was convicted on a plea of guilty of selling intoxicating liquors, and she appeals, complaining of refusal of trial court to submit issue of suspended sentence. Affirmed.

Binkley & Binkley, of Graham, for appellant.

Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

LATTIMORE, J. Appellant pleaded guilty in the district court of Young county to the offense of selling intoxicating liquor, and was given one year in the penitentiary. The only complaint is of the refusal of the trial court to submit to the jury the issue of a suspended sentence.

It was admitted that appellant was 25 years and 2 months old at the time of the commission of the offense. Appellant contends that this brought her within the terms of section 2d of chapter 61, Acts First Called Session of Thirty-Seventh Legislature (Vernon's Ann. Pen. Code Supp. 1922, art. 588¼-a4), which provides that no person over 25 years of age, convicted under any of the provisions of said act, shall have the benefit of the Suspended Sentence Law. We regret that we cannot agree with appellant.

It seems uniformly held that a person becomes 21 years of age on the day before his twenty-first birthday. Ex parte Wood, 5 Cal. App. 471, 90 Pac. 961; Banco De Sonora v. Bankers' Mutual Casualty Co., 124 Iowa, 576, 100 N. W. 532, 104 Am. St. Rep. 367. In the old English case of Grant v. Grant, 4 W. & C. 256, it is stated that a person attains his 25 years of age when he becomes 24 years old. The reasoning seems to proceed along the idea that one is not said to be a given number of years old or a given number of years of age until he has finished the given year. To illustrate: A. would not be one year old, as that expression is ordinarily used, until the end of the first year of his life, and, applying the same statement to the appellant herein, appellant would not be 25 years of age until the end of the full 25 years. It would seem reasonable that at any period after the end of the twenty-fifth year she would be "over 25 years of age.". Some such reasoning is indulged in in Linhart v. State, 33 Tex. Cr. R. 507, 27 S. W. 260, referred to in Branch's Ann. P. C. p. 993.

It appearing that the appellant was 2 months beyond the age of 25 years, she was not entitled to the benefit of a suspended sentence under the law above referred to.

No error appearing, the judgment will be affirmed.

⬧For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes