Oliver Kitchen v. The State.

# OCTOBER, 1924.

No. 8161.   Delivered October 8, 1924.

Rehearing denied January 14, 1925.

**1.—Sale of Intoxicating Liquor—Suspended Sentence—When Denied.**

Section 2d, Chap. 61, 2d, C. S. 37th Leg., provides that no person over twenty-five years of age, who may be convicted of violating any provision of the act prohibiting the manufacture, sale, etc. of intoxicating liquor, shall have the benefit of the suspended sentence law. We think the age *at the time of the trial,* controls, and not at the time of the commission of the offence, and the court committed no error in striking out the plea of suspended sentence in this case. See Davis v. State 93 Tex. Cr. R. 192 and other *cases cited.*

### ON MOTION FOR REHEARING.

**2.—Same—Charge of Court—Sale—Definition of.**

In his charge to the jury the court defined "Sale" as a transaction wherein one person, the seller, delivers the title, and possession of intoxicating liquor to the buyer, upon the agreement that the buyer pays, or agrees to pay to the seller therefor; that an agreement may be inferred from the conduct of the parties; that if one in possession of personal property permits another to take it, with the understanding that the same is to be paid for, such transaction would be a sale. In its application to the facts in this case, we find no error in this charge.

**3.—Same—Evidence—Of Other Sales—To Same Purchaser.**

The admission in evidence of the testimony of the State's witness Patton in which he said that the reason he went to the appellant to get whisky was because he thought he could get it; that he thought he could get it because he had gotten some whisky from the appellant, about three weeks previous to the present transaction. This evidence was properly admitted, and the state could have relied upon either the former or the present transaction for a conviction.

Appeal from the District Court of Garza County. Tried below before the Hon. Clark M. Mullican, Judge.

Appeal from a conviction of the sale of intoxicating liquor; penalty, one year in penitentiary.

*J. F. Cunningham,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, Judge.—Conviction is for the sale of intoxicating liquor; punishment, one year in the penitentiary.

Appellant filed application for suspended sentence, in which it was averred that he was less than 25 years of age when the offense was committed and the indictment returned, but did not allege that he was

under such age at the time of trial; because of failure to so allege the state moved to dismiss the plea. The court found upon hearing the motion that appellant was over 25 years of age at the date of trial, but under said age when the offense was committed and indictment returned. Upon ascertaining these facts the plea for suspended sentence was stricken out, and this action of the court is assigned as error.

Section 2d, Chap. 61, 2d C. S., 37th Leg., provides that no person over twenty-five years of age, who may be convicted of violating any provision of the act prohibiting the manufacture, sale, etc. of intoxicating liquor shall have the benefit of the suspended sentence law. We think the age at the time of trial controls and that the court committed no error in striking out the plea of suspended sentence. In Davis v. State, 93 Tex. Cr. R. 192, 246 S. W. 395, it was said:

"By the terms of Chapter 61, General Laws of the First and Second Called Sessions of the Thirty-seventh Legislature, the benefit of suspended sentence is denied to any person convicted of a violation of the present liquor law, *who at the time of such conviction is over twenty-five years of age.'*

This was re-affirmed in Blonk v. State, 93 Tex. Cr. R. 638, 248 S. W. 375. In Holdman v. State, 94 Tex. Cr. R. 433, 251 S. W. 218, is found the following statement:

"The offense with which he was charged was not within the operation of the suspended sentence statute if the accused was, in fact, over twenty-five years of age. It is not shown by a bill of exceptions that he was under that age. The motion is not verified by affidavit and contains no recital touching the age of the appellant *at the time of the trial.* It should be made known to this court that he *was under twenty-five years of age at the time of his trial,* otherwise the suspended sentence law would have no application to him and the action of the trial court deprived him of no right, and the granting of a new trial would serve no useful purpose."

Holdman's case is cited with approval in Davidson v. State, 95 Tex. Cr. R. 638. See also Rhodes v. State, 262 S. W. 753; Boyd v. State, 262 S. W. 499; Davidson v. State, 255 S. W. 404; Boortz v. State, 255 S. W. 434; Hooper v. State, 250 S. W. 694.

We find no statement of facts in the record and the absence thereof renders it impossible for us to pass upon the objection to the charge defining a "sale." What would be a proper definition under some state of facts would be entirely inapplicable under other circumstances and not being apprised of the evidence in the case we must assume the charge given was a proper one. The same applies to the complaint at the reception of certain evidence set out in bill of exception number two. The bill states the grounds upon which objections to the evidence were urged, but the existence of the facts upon which the objections were based is not certified, necessarily in this condition of the bill and

in the absence of the facts proven this court has no way of ascertaining the force of the complaint.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Since the original opinion was delivered the clerk of the trial court has forwarded the statement of facts which, by oversight, he had previously neglected to send.

According to the testimony of William Patton, he had been acquainted with the appellant for several years. On the occasion in question, the witness overtook the appellant and got from him a quart of whisky. We quote from the witness' testimony thus:

"The reason I thought I could get it, was I had got some whisky from him just a little while before that, about three weeks before that, and that's the reason I went to him again.

"As to what was said about settling with him, I told him I would see him when I got back to town, and he said, 'all right.' I went out there to get whisky from him, and that's what I got from him. I don't know whether it was corn whisky or not, but it tasted like whisky. That was what I was supposed to get from him. At that time I knew what he was selling his whisky for; he got $5.00 a quart for it."

On cross-examination the witness said:

"I saw the defendant riding out in the direction of the west part of town, and I went out there and got some whisky. Before I got out there, I saw he was stopped. * * * He said he had tire trouble. I might have then told him I wanted a drink of whisky; it might have been that way. Then he went out in the weeds and got a bottle of whisky. * * * He took a drink, and I then asked for a second drink, and he gave it to me; I put it in my pocket and said I would see him later about it. * * * Nothing was said with reference to the price. I never did pay him any money for it."

Appellant testified that he had bought a quart of whisky and had put it out by the road; that he went to get it when Patton drove up. From the appellant's testimony we quote:

"So I got the bottle, and he taken a drink and I taken a drink, and then he put this bottle in his car and said, 'I'll see you later.' I told him it was not my whisky and he says, 'All right, I'll take this; we will fix this later.'"

Appellant denied that he had sold the whisky to Patton. He also denied that he had ever sold whisky or had ever fixed the price at five dollars a quart. From his testimony we quote further:

"I sure did buy that whisky to drink myself. I wanted it for my own use, yet I let him get out there and take my whole supply of whis-

ky off, because I supposed he would replace it, or get me some more whisky in the place of it."

The court in his charge defined "sale" as a transaction wherein one person, the seller, delivers the title and possession of intoxicating liquor to the buyer upon the agreement that the buyer pays or agrees to pay to the seller therefor; that an agreement may be inferred from the conduct of the parties; that if one in the possession of personal property permits another to take it with the understanding that the same is to be paid for, such transaction would be a sale.

The court submitted the converse of the proposition, telling the jury that if they believed from the evidence that Patton acquired the whisky in question from the defendant in any mode or manner other than the sale as defined, or if they had a reasonable doubt thereof, they would acquit.

Against the charge the point is made that the expression "words need not be spoken to constitute a sale; it may be inferred from the conduct of the parties" was upon the weight of the evidence.

Complaint is also made of the admission in evidence of the testimony of the State's witness in which he said that the reason he went to the appellant to get whisky was because he thought he could get it; that he thought he could get it because he had gotten some whisky from the appellant about three weeks previous to the present transaction.

The evidence that the witness had bought whisky from the appellant three weeks before the present transaction would seem to have been admissible under the averment in the indictment charging that the appellant sold whisky to the witness Patton. So far as relates to the admissibility of the testimony against the objections interposed, it would have been permissible for the State to have relied upon either the former or the present transaction. Under the record before us, the opinion is entertained that there was no harmful fault in the charge.

The motion is overruled.

*Overruled.*

ON APPLICATION TO FILE SECOND MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant bases his request to file a second motion for rehearing on the ground that the facts were not considered by us until the first rehearing.

The only part of the present motion to which we advert is the portion grounded upon the last paragraph of the opinion on rehearing which did read: "The evidence that the witness had bought whisky from the appellant three weeks before the present transaction would seem to have been *in*admissible," etc. The use of the word "inadmissible" is a typographical error which escaped us. It should have been "admissible." The opinion has been corrected to so read.

Believing there is no merit in the present motion leave to file same is denied.

*Leave to file denied.*