LEONARD BARRETT v. THE STATE.

No. 8852.   Delivered May 13, 1925.

Rehearing denied June 10, 1925.

1.—Transporting Intoxicating Liquor—Suspended Sentence—Age Limit—Statute Construed.

By the terms of Sec. 2, Chap. 61, 1st called session 37th Leg., the benefit of the suspended sentence is denied a person over twenty-five years of age, charged with violation of liquor laws. Age of accused at the time of the trial controls, and not at the time the offense was committed or the indictment returned. Following Kitchen v. State, 267 S. W. 497.

ON REHEARING.

2.—Same—Suspended Sentence—Age of Accused—For Jury.

Where on a trial for a violation of the liquor law the accused files an application for a suspended sentence and the testimony as to his age being more than twenty-five years at the time of the trial, the issue should be submitted to the jury under appropriate instructions, as was done in the instant case.

Appeal from the District Court of Nacogdoches County. Tried below before the Hon. L. D. Guinn, Judge.

Appeal from a conviction for transporting intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*Adams & Moore,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Defendant entered a plea of guilty to a charge of transporting intoxicating liquor and asked for a suspended sentence. After hearing the evidence the jury fixed his punishment at one year in the penitentiary but failed to suspend the sentence.

By the terms of Sec. 2d, Chap. 61, 1st Called Session 37th Legislature, the benefit of suspended sentence is denied a person over twenty-five years convicted of the offense for which defendant was being tried. Exception was taken to the charge upon the issue of suspended sentence. We do not discuss the point for the reason that defendant was not entitled to have that issue submitted at all. The offense was alleged to have occurred in December 1923, but the case was not tried until March 14, 1924. The evidence shows defendant was born September 26, 1898, making him five months and eighteen days over twenty-five years of age at the time of trial. Age at time of trial controls and not at the time the offense was committed or indictment returned. Kitchen v. State, 267 S. W. 497.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING

HAWKINS, JUDGE.—Defendant insists that the evidence, when properly understood, shows that he was born in the year 1899. If there be a question about it, the court below was right in submitting the issue of suspended sentence. He instructed the jury if they found that defendant was not over twenty-five years of age, they might recommend that his sentence be suspended. The charge was excepted to upon the ground that it did not advise the jury as to the quantum of proof necessary relative to defendant's age, and that by the charge given the jury might be misled to think it was necessary to show his age "beyond a reasonable doubt". We think it was not at all likely the jury was confused about the matter. The term "beyond a reasonable doubt" was nowhere used in the court's charge, it relating to the plea of guilty, and the jury would not be apt to interpolate into the charge an expression omitted therefrom by the learned trial judge. For this reason we think defendant's contention not sound.

The motion for rehearing is overruled.

*Overruled.*