## Ben. Martin v. The State.

1. Theft.—There must be evidence of actual taking or conversion of the stolen property to support a verdict of guilty of theft.
2. Same.—See facts held insufficient to prove such taking.

Appeal from Harrison. Tried below before the Hon. J. L. Camp, Judge of the Criminal Court of Marshall.

*Turner & Lipscomb,* for appellant.

*A. J. Peeler, Assistant Attorney General,* for the State.

Ireland, Associate Justice.—The proof in this case is that the owner of the property said to have been stolen while in his field heard the report of a gun ; advancing, he saw, just over a hill, the defendant loading his gun, and on approaching the defendant he saw, about fifteen feet from where defendant was standing, one of his hogs freshly shot. He said to defendant, "That is my hog shot." The de-fendant replied, " I did not shoot it."

The prosecutor rode off. There was another person with defendant, near the hog, who was not prosecuted so far as we are informed, nor is he heard of again in this case. Another witness proved that on the next day after the hog had been killed defendant said that he "had shot the pro-secutor's hog, and was sorry for it, and wanted to pay for it."

This is all the proof. It does not appear from the evi-dence that the defendant was at any time nearer the hog than fifteen feet.

Was this theft under the law? It is true that an actual

carrying away is not necessary to constitute theft under our statute. (Paschal's Dig., art. 2384.)

It is sufficient if the property is in the complete actual possession of the thief who takes it with the fraudulent design. An animal running at large in its accustomed range is held to be so far in the actual possession of the owner that it may be stolen from him when running in such range. The proof very clearly shows that the defendant shot the hog, but because he shot it, was it in the complete possession of defendant?

Suppose the property in question had been a horse or some animal that man does not ordinarily eat, upon what reasoning could we conclude that the defendant intended to steal rather than to commit a trespass, for which he could be punished? (Paschal's Dig., art. 2345.)

If the animal killed under the circumstances in this case had been a dog or a mule, it is very clear that no one would have thought of defendant's stealing the property, but he would have been prosecuted for "malicious mischief." If the defendant actually took possession of the hog, it was susceptible of proof. His declaration next day, quoted above, rather tends to show that he did not take it. If it be said that he had shot it so that it was in his power to go and take it, we answer that the act and intent must both exist to make out the offense.

If a thief goes near a horse that is tied or in a cuffled condition, with the intent to steal, and he desists from any cause before he takes possession, it is not theft, though it was as much in his power to take actual possession as if he had shot and killed the animal. Are we to presume because the property was a hog that he intended to and did actually take it?

Courts are not called on and cannot indulge in such presumptions against the citizen in criminal trials.

In White *v*. The State, 11 Tex., 771, this court said the intention and the conversion were both "necessary elements

to make out a charge of theft. In criminal cases nothing can be presumed against the accused. The proof must show that there was a conversion," which, under the code, is the synonym of "taking." Because the proof fails to show that the defendant took the property, the verdict and judgment is not sustained by the proof, and the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.