### JIM BRYANT v. STATE.

No. 2233.   Decided February 26, 1913.

**1.—Theft—Motion for New Trial.**

An objection that the court erred in paragraph one of the charge in defining the offense of theft, and in refusing to give defendant's special charge is too general to be considered on appeal; besides, when considered, there was no error. Following Sue v. State, 52 Texas Crim. Rep., 122, and other cases.

**2.—Same—Misconduct of Jury—Motion for New Trial—Affidavit.**

When extrinsic matters are set up in a motion for new trial, they must be supported by affidavit. Following Barber v. State, 35 Texas Crim. Rep., 70.

**3.—Same—Statement of Facts—Motion for New Trial.**

Where the statement of facts of the evidence on motion for new trial was not filed in term time, the same cannot be considered on appeal; besides, there was no error. Following Probest v. State, 60 Texas Crim. Rep., 608.

Appeal from the District Court of Parmer.   Tried below before the Hon. D. B. Hill.

Appeal from a conviction of theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Knight & Slaton,* for appellant.—On question of statement of facts on motion for new trial: Probest v. State, 60 Texas Crim. Rep., 608, 610; Harris v. State, 46 S. W. Rep., 647.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted, charged with theft of an automobile and his punishment assessed at two years confinement in the State penitentiary.

The first two grounds in the motion for new trial read as follows: "1. The court erred in paragraph 1 of the charge in defining the offense of theft; (2) The court erred in refusing to give defendant's

special requested charge No. 1." These grounds are too general to be considered on appeal. (Sue v. The State, 52 Texas Crim. Rep., 122; Stewart v. State, decided at this term of court, and authorities there cited.) If called to our attention in a way we could consider them, however, the charge fully defines the offense, and the charge requested is sufficiently covered by the charge given by the court to the jury.

The only other grounds in the motion relate to the misconduct of the jury. The motion is not sworn to by appellant or any other person, and is deficient in this respect. It has always been held that when matters extrinsic the record, in matters of this character, are sought to be raised in the motion for new trial, such grounds should be verified by the affidavit of the appellant. In addition to this, the evidence heard on these grounds on the motion for new trial, was not filed until the 12th day of June, 1912; is not approved by the Judge trying the case, nor agreed to by the attorneys. Consequently such statement of facts can not be considered. In such cases it has been held that where evidence is heard, on grounds in the motion for new trial, such statement in the motion must be verified by the appellant, and the statement of facts approved by the Judge and filed in term time. (Probest v. The State, 60 Texas Crim. Rep., 608.) Court adjourned April 27, and this paper which purports to be the evidence on the motion for new trial was not filed with the clerk until June 12, 1912.

These are all the grounds in the motion, and the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

#### February 26, 1913.

HARPER, Judge.—This case was affirmed at a former day of this term, and appellant has filed a motion for rehearing in which he complains of that portion of the opinion in which it was said: "It has always been held that when matters extrinsic the record are sought to be raised in the motion for new trial, such grounds should be verified by the affidavit of the appellant." Appellant says he has failed to find any decision so holding. If he will read Barber v. State, 35 Texas Crim. Rep., 70, he will find a case so holding, and this has always been the rule. It is only those paragraphs setting up this new matter that are required to be sworn to. But if we should waive this question, and the ones that the evidence alleged to have been adduced on the motion for new trial, but which is not verified by the signature of the judge, and the further fact that this evidence was not filed in proper time, after careful reading of what purports to be the evidence adduced we would not feel authorized to hold that the court erred in this matter.

The motion for rehearing is overruled.

*Overruled.*