## DODSON v. STATE. (No. 6917.)

(Court of Criminal Appeals of Texas. Nov. 1, 1922.)

1. Criminal law &⇒1090(8)—Alleged errors in reception of evidence not reviewable, in absence of bill of exceptions.

In the absence of bills of exception, alleged errors in reception of evidence cannot be reviewed.

2. Criminal law &⇒1122(4)—Instructions not reviewed, in absence of facts showing relevancy.

In the absence of the facts proven, the relevancy of special charges requested cannot be known to the Court of Criminal Appeals.

3. Criminal law &⇒949(2)—Motion for new trial because jury was guilty of misconduct, deficient where not sworn to.

Motion for new trial, on ground that jury were guilty of misconduct, is deficient where not sworn to by appellant or any other person, but merely signed by attorneys.

4. Criminal law &⇒949(2)—Where matters extrinsic the record are presented as ground for new trial, motion should be verified.

Where matters extrinsic the record are presented as ground for new trial, the motion should be verified.

Appeal from Ochiltree County Court; J. M. Grigsby, Judge.

F. Dodson was convicted of unlawfully carrying a pistol, and he appeals. Judgment affirmed.

S. J. Allen, Co. Atty., of Perryton, and R. G. Storey, Asst. Atty. Gen., for the State.

HAWKINS, J. Conviction is for unlawfully carrying a pistol. Punishment, fine of $100.

[1, 2] No statement of facts or bills of exception appear in the record. Complaint is made in the motion for new trial of the failure to give certain special charges requested by appellant. In absence of the facts proven the relevancy, or otherwise, of the special charges cannot be known to us. Alleged errors in the admission and rejection of evidence cannot be reviewed in the absence of bills of exception, properly bringing them forward.

[3, 4] Complaint is also made in the motion for new trial that the jury was guilty of misconduct. The motion is not sworn to, by appellant or any other person, merely being signed by the attorneys. In this respect the motion is deficient. Where matters extrinsic the record are sought to be presented as ground for new trial, the motion should be verified. Bryant v. State, 69 Tex. Cr. R. 457, 153 S. W. 1156; Brice v. State, 72 Tex. Cr. R. 219, 162 S. W. 874.

The judgment must be affirmed.