FELIX HOLDMAN V. THE STATE.

No. 7640.　Decided April 11, 1923.

Rehearing denied May 23, 1923.

1.—Selling Intoxicating Liquor—Sufficiency of the Evidence—Indictment.

Where the indictment is regular and the evidence is sufficient to support the verdict of unlawfully selling intoxicating liquor, there is no reversible error.

2.—Same—Suspended Sentence—Practice in Trial Court.

Where defendant complained that the court had failed to advise him of his right to have a plea asking for suspended sentence prepared and filed, but the record showed on appeal that the offense with which he was charged was not within the operation of the suspended sentence law if the accused was in fact over twenty-five years of age, there is no reversible error, in the absence of a showing that he was under that age.

3.—Same—Rehearing—Judgment—Presumption—Rule Stated.

There is a distinction between the presumption which operates in the trial court and that which operates on appeal; on the trial of the case, the presumptions are in favor of the defendant; on appeal, the presumption obtains that his conviction was regular and upon sufficient evidence, unless the contrary is made to appear. Distinguishing Martin v. State, 44 Texas, 172. Following English v. State, 4 Texas, 125, and other cases.

Appeal from the District Court of Nacogdoches. Tired below before the Hon. Spot. H. Sanders, Special Judge.

94 T. C.—28

Appeal from a conviction of selling intoxicating liquor; penatly, one year imprisonment in the penitentiary.

The opinion states the case.

*J. M. Marshall* and *S. M. Adams,* for appellant.—Cited cases in the opinion.

*R. G. Storey,* Assistant Attorney General for the State.—Cited Davis v. State, 246 S. W. Rep., 395.

MORROW, Presiding Judge.—Conviction is for the unlawful sale of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of one year.

The indictment is regular and the evidence is sufficient to support the verdict.

In the brief and motion for new trial, one question is raised, namely: that the court failed to advise the appellant of his right to have a plea asking for a suspended sentence prepared and filed, Where one whose offense is within the purview of Article 865b relating to the suspended sentence is without counsel, it is the duty of the court to inform him of his right to make an application to have the jury suspend his sentence, and "the court shall appoint counsel to prepare and present the same if desired by the defendant." In a case where there exists no legal impediment to the granting of the suspended sentence, it would doubtless be a serious error for the trial court to ignore this provision of the statute. In support of the judgment, however the presumption obtains that the court did not ignore it, and to overturn this presumption, the contrary must affirmatively appear upon appeal. Appellant was represented by counsel on the motion for new trial, but at the trial he was without counsel and the court failed to advise him of the aforementioned right. The offense with which he was charged was not within the operation of the suspended sentence statute if the accused was, in fact, over twenty-five years of age. It is not shown by a bill of exceptions that he was under that age. The motion is not verified by affidavit and contains no recital touching the age of the appellant at the time of the trial. It should be made known to this court that he was under twenty-five years of age at the time of his trial, otherwise the suspended sentence law would have no application to him and the action of the trial court deprived him of no right, and the granting of a new trial would serve no useful purpose. His age was a matter within his knowledge, and the record being without averment or affidavit that he was not above the age of twenty-five years, we are constrained to hold that there was no error in refusing the motion for new trial and to order an affirmance of the judgment, which is accordingly done.

*Affirmed.*

May 23, 1923.

MORROW, PRESIDING JUDGE.—Counsel for appellant insists that this court was in error in deciding that the presumption of regularity was in favor of the judgment of conviction unless the contrary affirmatively appear. There is a distinction between the presumption which operates in the trial court and that which operates on appeal. On the trial of the case, the presumptions are in favor of the appellant. He is presumed innocent until his guilt is established. On appeal, the presumption obtains that his conviction was regular and upon sufficient evidence unless the contrary is made to appear. In announcing this distinction, it is conceived that no new rule of law is asserted. The leading case cited by appellant—Martin v. State, 44 Texas 172—was one in which, upon the facts, the proof was insufficient. This was ascertained on appeal by an examination of the facts which were brought up, and the remark was made with reference to the record that the appellate court having before it all the facts proved on the trial would not presume there were other facts against the accused. This is the correct rule and one that is uniformly applied, but not better established than that which requires that on appeal the presumption of regularity obtains unless the record reveals the contrary. Among the cases asserting this rule are English v. State, 4 Texas 125; Carter v. State, 12 Texas Crim. App. 500; 62 Amer. Dec. 539; Farrar v. State, 5 Texas Crim. App. 489; Carr v. State, 5 Texas Crim. App. 153; Yanez v. State, 6 Texas Crim. App. 429, 32 Amer. Rep. 591; Sandline v. State, 6 Texas Crim. App. 347; Montgomery v. State, 4 Texas Crim. App. 140; Nash v. State, 2 Texas Crim. App. 362; Escareno v. State, 16 Texas Crim. App. 173; Thompson v. State, 18 Texas Crim. Rep. 526; Johnson v. State, 14 Texas Crim. App. 300; Bohannon v. State, 14 Texas Crim. App. 272; Brown v. State, 32 Texas Crim. Rep. 119; Wesley v. State, 57 Texas Crim. Rep. 277; Cardenas v. State, 58 Texas Crim. Rep. 109. Statutory provisions are found on the subject in Code of Crim. Proc., Arts. 929 and 938. See Vernon's Tex. Crim. Stat., Vol. 2, p. 889 and 897; also cases listed on pages 892 and 893.

The case of Johnson v. State, 14 Texas Crim. App. 310 was one in which the record failed to show that before the sentence was pronounced, the accused was not asked whether he had anything to say. It was contended that inasmuch as the law required such inquiry to be made, its omission from the recital in the sentence was fatal. Judge Willson, in writing the opinion of the court said:

"We think in such case we are required to presume that the trial court complied with the law, and asked the defendant the statutory question. If a case should arise wherein a defendant had been re-

fused by the court the privilege of the question, and the right to answer it in a legal manner, and such action of the court was presented to us by proper bill of exceptions, we would undoubtedly set aside the sentence, and accord to the defendant his legal right to be heard in bar thereof. But where such a state of case is not presented, we will presume that the trial court has obeyed the directions of the law in pronouncing the sentence.''

So, in this case, if it appeared by the motion for new trial or by bill of exceptions properly verified that the accused was within the age which under any circumstances would entitle him to have presented to the jury a plea for a suspended sentence, this court would not hesitate to reverse the judgment because upon such showing the judge of the trial court refused a new trial. In the absence of such information in the record, however, it must be presumed that no such fact existed.

The motion for rehearing is overruled.

*Overruled.*