FRANK MOSES v. THE STATE.

No. 7142.    Decided May 9, 1923.

**Theft—Suspended Sentence—Representation by Council—District Attorney.**

Where, upon trial of felony theft, the court failed to appoint an attorney to prepare and present defendant's application for a suspended sentence, and it appeared from the record that there existed no legal impedi-

94 T. C.—23

ment to the granting of the suspended sentence, and that defendant was without counsel, to represent his interests, the judgment must be reversed and the cause remanded; the statute does not contemplate that the district attorney should represent the defendant.

Appeal from the District Court of Fannin. Tried below before the Honorable Ben. H. Denton.

Appeal from a conviction of a felony of theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Rogers & Neilson* and *Wheeler & Leslie*, for appellant.

*R. G. Storey*, Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Appellant was under indictment for felony theft. He entered a plea of guilty and asked for a suspended sentence. His punishment was assessed at two years in the penitentiary and the suspended sentence denied.

The only point upon which appellant relies for a reversal is that having no counsel to represent him the court failed to appoint an attorney to "prepare and present" his application for a suspended sentence. After conviction counsel was secured and upon motion for new trial the following facts were developed relative to the point at issue. Appellant had been confined in the county jail and the district attorney had talked to him about his case. Appellant testified that during this conversation in the jail he had told the district attorney about the case and informed him that he expected to enter a plea of guilty and try to secure a suspended sentence; that the district attorney told him at the time that it looked like if anybody was entitled to one that he (appellant) would be, and that he expected to secure a suspended sentence at the time he enterd his plea of guilty. At the time his case was called for trial the learned trial judge did not advise appellant of his right to file an application for a suspended sentence, but directed the district attorney to talk to appellant about it. We quote from the testimony of the district attorney relative to the matter:

"When the defendant was brought up here in court, the Judge asked me if the defendant had been advised that the crime he was charged with was one for which a suspended sentence was applicable and I told him I had not and he told me to go and advise him and see if he wanted to make application for a suspended sentence and I went over here where Frank was and told him that the offense with which he was charged was one for which the law permitted a suspended sentence to be given and asked him if he wanted to make a plea for it and he said he did, and I told him then that he would have to make affidavit that he had never been convicted of a felony in

this State or any other State and for him not to do it if he had been convicted of a felony for he would be guilty of another penitentiary offense in doing that. He said well he had never been guilty of a penitentiary offense before and I went over there and filled out a blank and told him to sign it and swear to it. I did not talk to him as fully as I ordinarily do, because I had previously talked to him down at the jail and he knew from my conversation with him down there that he was entitled for the application to be submitted to the jury. In the trial of the case I told him to come around here and be sworn and prove he had not been convicted of a felony in this state or any other state and asked him the questions and got it in the record. Q. Then the only representation that the defendant had with reference to his presentation of his application for a suspended sentence is what you gave him? A. Yes, I think so. In my argument to the jury I did not argue it from the defendant's standpoint, the State was contesting his application for a suspended sentence. I dis-remember whether there were any witnesses put on the stand by the defendant in regard to the suspended sentence, but it seems to me there were three or four, I would not swear to it, because I don't remember. I ask the witnesses that come on the witness stand in most instances, I ask them how long they had known the defendant, and if they had ever known of him being convicted of a felony in this State or any other State, and I think that is about all I asked them except I asked Frank if he wanted to ask them anything. I think I asked them about his general reputation in the community in which he lived.''

After the State had introduced its evidence upon the plea of guilty the trial judge and the district attorney suggested to appellant that it was necessary for him to take the witness stand and show that he had not been convicted of a felony if he desired his application for a suspended sentence to be submitted to the jury. Appellant says he told them he did not wish to take the witness stand but upon being advised by them that it was necessary he did do so, and that the district attorney asked him a number of questions about the case.

A portion of Article 865 B. C. C. P., relative to suspended sentence, provides:

''When the defendant has no counsel it shall be the duty of the court to inform defendant of his right to make such application, and the court shall appoint counsel to prepare and present same if desired by defendant.''

Article 865 C. in part reads:

''The court shall permit testimony and submit the question as to the general reputation of defendant to enable the jury to determine whether to recommend the suspension of sentence.''

It is not necessary to discuss the provision requiring the trial judge to advise a defendant, in the absence of counsel, of his right

in certain cases to apply for a suspended sentence. The record makes it clear that appellant knew he had such right, but it is also apparent that he was not advised of the manner in which such matter should be brought before the jury, or what evidence was necessary or permissible to secure consideration of such request. Doubtless the trial judge and district attorney acted in good faith in suggesting that appellant should take witness stand and make proof that he had never been convicted of a felony in order that the issue of suspended sentence might be presented to the jury. For some reason appellant did not want to become a witness. If he had been provided with counsel as contemplated by the statute the necessary proof to secure submission of the issue could perhaps have been made without appellant becoming a witness. He says the district attorney asked him many questions about the case. What facts were developed by this examination we are not informed, as the record contains no statement of the facts proved upon the plea of guilty. It may be witnesses were available to prove appellant's good reputation. It does not appear that he knew of his right to make such proof if it could have been secured. An attorney representing his interests instead of the State's could have advised him of such rights under the statute. The district attorney very openly admits that in contesting the suspended sentence he presented the matter from the standpoint of the State. Appellant had no representation save in so far as the district attorney prepared and filed the application for suspended sentence; this could have been accomplished as well by the Clerk of the court. The statute (Art. 865b) says the court shall appoint counsel to "prepare and present" such application. "Present" means "to lay before a judge, magistrate, or governing body for action or consideration; submit, as a petition, remonstrance, etc., for a decision or settlement to the proper authorities." (Century Dictionary). The jury under our law is the proper authority to whom the matter of suspended sentence is to be submitted, and it cannot be legally done by the district attorney. We are quite clear, that the statute in question never contemplated that the district attorney, under oath to represent the state, should at the same time undertake to represent a defendant. In the recent case of Holdman v. State, (No. 7640, opinion April 11, 1923) this court, referring to appointment of counsel in suspended sentence matters, said:

"In a case where there exists no legal impediment to the granting of the suspended sentence, it would doubtless be a serious error for the trial court to ignore this provision of the statute."

Believing the plain provision of the statute was inadvertently overlooked in the instant case, and that appellant was without counsel to represent his interest as contemplated thereby, it is our duty to reverse the judgment and remand the case.

*Reversed and remanded.*