## W. A. Davidson v. The State.

No. 7702. Decided October 3, 1923.

Rehearing denied November 14, 1923.

**1.—Transporting Intoxicating Liquor—Indictment.**

Where, upon trial of unlawfully transporting intoxicating liquor, the indictment follows approved precedent the same is sufficient. Following Tucker v. State, 94 Texas Crim. Rep., 119, 251 S. W. Rep.. 1090.

**2.—Same—Evidence—Intoxicating Liquor.**

It was not incompetent to show that defendant and his companions had been drinking of the contents of the bottle and became intoxicated.

**3.—Same—Leading Question—Practice in Trial Court—Bill of Exceptions.**

Where the bill of exceptions did not show that the witness gave any testimony or revealed circumstances which led the court to give permission to lead the witness, there was no reversible error.

**4.—Same—Evidence—Agreement.**

Where the parties left under an agreement and understanding that they would go to a certain place after intoxicating liquor, and that they did so and returned with it in their joint possession, there was no error.

**5.—Same—Accomplice—Charge of Court.**

The statute now provides that the purchaser, transporter, or possessor of intoxicating liquor shall not be held an accomplice, and there was no error in the court's failure to charge on accomplice's testimony.

**6.—Same—Suspended Sentence—Charge of Court.**

Where it is not shown that appellant was only twenty-five years of age, and that he had not previously been convicted of a felony, there was no error in the court's refusal to charge on suspended sentence. Following Holdman v. State, 94 Texas Crim. Rep., 433, 251 S. W. Rep., 218.

**7.—Same—Rehearing—Remarks by Court.**

Where, during the examination of the witness, the trial judge told the district attorney that he might lead the witness, etc., this was not a comment on the weight of the testimony, under the facts of the instant case.

Appeal from the District Court of Palo Pinto. Tried below before the Honorable J. B. Keith.

Appeal from a conviction of transporting intoxicating liquor; penalty, two years imprisonment in the penitentiary. .

The opinion states the case.

*Moyers & Creighton,* and *Ritchie & Ranspot,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for the unlawful transportation of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of two years.

The evidence is conflicting. From that of the State, it is sufficient to show that appellant and three other persons—Berry, Purtle and Wyatt—went in appellant's automobile from Mineral Wells to the town of Thurber, about forty miles distant, and while at Thurber, they procured a quantity of intoxicating liquor, part of which they brought in appellant's automobile to his home in Mineral Wells and part of which they consumed en route. The exact quantity is not revealed, though it seems that the whisky was in a gallon bottle. from which they drank on several occasions. There were also a number of bottles of beer, which, according to some of the State's witnesses, was intoxicating. The carrying of the intoxicating liquor was denied by the appellant.

The verbiage of the indictment is like that held sufficient in the case of Tucker v. State, 94 Texas Crim. Rep., 119, 251 S. W. Rep., 1090. Appellant and his companions had been drinking of the contents of the bottle, and it was not incompetent to show that they became intoxicated. This was relevant upon the character of the liquid in question.

During the examination of the witness Purtle, the trial judge told the district attorney that he might lead the witness. The bill of exceptions complaining of this is deemed without merit. There are many circumstances under which a witness may be properly asked

leading questions. Armstead v. State, 22 Texas Crim. App. 59, and other cases listed in Branch's Ann. Tex. P. C., Sec. 157. In order to justify a reversal because of leading questions, it is essential that the bill of exceptions affirmatively show that the circumstances were not such as rendered leading questions permissible and also show facts from which prejudice to the case may be inferred. See Montgomery v. State, 4 Texas Crim. App., 142, and other cases listed by Mr. Branch in his Ann. Tex. P. C., Sec. 159. In the present case, we do not learn from the bill that the witness gave any testimony; nor does the bill reveal circumstances which led the court to give permission to lead the witness.

The State used the witnesses Purtle, Wyatt and Berry. Berry drove the automobile which belonged to the appellant. Wyatt and Purtle were in the car and took part in drinking and handling the liquor. According to the undisputed testimony, if we properly comprehend it, the parties left Mineral Wells with the agreement and understanding that they would go to Thurber after intoxicating liquor, and that pursuant to this agreement, they did go there, obtained the liquor and returned with it in their joint possession.

Appellant complains of the court's failure to charge on accomplice testimony. There was no error in refusing to give the instruction for the reason that in this character of prosecutions, the statute provides that the purchaser, transporter or possessor of intoxicating liquor shall not be held an accomplice. See Acts of the 37th Leg., 2nd Called Sess., Sec. 2c.

In the bill complaining of the refusal of the court to charge on the law of suspended sentence, it is not shown that appellant was under twenty-five years of age and that he had not previously been convicted of a felony. The bill, therefore, discloses no error. See Holdman v. State, 94 Texas Crim. Rep., 433, 251 S. W. Rep., 218.

The record revealing no error, the judgment is affirmed.

*Affirmed.*

ON REHEARING.

November 14, 1923.

HAWKINS, Judge.—It is insisted that the question discussed in paragraph five of our opinion resulted from a misapprehension of bill of exception number five; that the complaint was not because leading questions were permitted but was directed at the statement of the court relative to it. We have re-examined this bill and find appellant's contention to be correct.

While a witness was being examined by the State he was asked relative to some statement theretofore made by him before the grand

jury. During this examination the learned trial judge told the district attorney he could lead the witness if he wished to do so, and qualifies the bill by, stating that the "witness appeared very hostile to the State, and answered evasively and with much uncertainty." The complaint is made that when the court gave the district attorney permission to lead the witness he commented on the weight of the testimony. We can see no basis for such construction of his language. The qualification attached to the bill would be binding on this court, but even without it the statement of facts reveals the attitude of the witness and justified the qualification. We recognize the rule that trial judges should refrain from any statement from the bench relative to his view upon the testimony but we think it inapplicable to the language of the trial judge at which the present complaint is directed.

The motion for rehearing is overruled.

*Overruled.*