LEO WRIGHT V. THE STATE.

No. 10128.　Delivered April 28, 1926.

**1.—Sale of Intoxicating Liquor—New Trial—Properly Refused.**

Where, on a trial for the sale of intoxicating liquor, in his motion for a new trial appellant avers that he was not represented by counsel on his trial because he had an understanding with the state that his case was

not to be tried, fails to produce any evidence substantiating his averment, and the district attorney files his affidavit denying the truth of the averment, there was no error in refusing him a new trial.

**2.—Same—Suspended Sentence—When Not Available.**

Where, in his motion for a new trial, appellant presents that he was without counsel on his trial, and that it was the duty of the court to advise him of the provisions of the suspended sentence law, and to appoint counsel to prepare and present an application therefor, but fails to aver, under oath, that he was not over twenty-five years of age at the time of the trial, no error is shown. No person over twenty-five years of age is entitled to the benefits of a suspended sentence upon a conviction of a violation of our liquor laws. See Art 689, C. C. P. 1925.

Appeal from the District Court of Fannin County. Tried below before the Hon. Geo. P. Blackburn, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Cunningham & Lipscomb,* of Bonham, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Appellant was convicted for selling intoxicating liquor to C. D. Phelan, the punishment being one year in the penitentiary.

The prosecuting witness makes out a complete case. Upon the trial appellant was without counsel. In his motion for new trial he avers that the reason he had no counsel was because he had an understanding with the representatives of the State that his case was not to be tried. This averment was not substantiated by any evidence to that effect. The contrary is made to appear by affidavit of the district attorney attached to the State's contest of the motion. It is further averred that appellant being without counsel it was the duty of the court to advise him of the provisions of the suspended sentence and to appoint counsel to prepare and present an application therefore, (Art. 776 C. C. P. 1925) and that the court's failure to do this demands a reversal.

No person over twenty-five years of age is entitled to the benefits of a suspended sentence upon conviction of the offense charged against appellant. (Art. 689 C. C. P. 1925). There is no averment in appellant's motion that he was under twenty-five years of age at the time of trial, and no effort was made

to prove it as a fact. Upon the bill of exception bringing this point forward is found this statement of the learned trial judge:

"That the only time the question as to submission of suspended sentence was raised was in defendant's motion for new trial, and in said motion he nowhere contends that he was under 25 years of age at the time of the commission of the offense or time of trial therefor. That proof was heard as to his age when said motion for new trial was heard, and that ALL the proof uncontrovertably shows defendant to have been at least 36 years of age at the time of the commission of the offense charged against him. Had the issue ever been raised on the motion for new trial as to his age, I would have immediately granted him a new trial and submitted the question of his age to the jury. But defendant has never raised, either on the trial of this case, or on motion for new trial, the issue as to his age. Attention is respectfully directed to his motion for new trial, where he nowhere contends that he was 25 years or less, *at any time* connected with his case. On the hearing of the motion for a new trial, the court personally stated to defendant and to his counsel, that if defendant would either be sworn as a witness, or would make an affidavit, that he was not over 25 years of age at the time of the alleged commission of the offense charged against him, that the court would grant him a new trial and this defendant refused to do so."

Under such state of facts Holdman v. State, 251 S. W. 218 is directly in point, and settles the question against appellant.

The judgment is affirmed.

*Affirmed.*