### FRANK ALVERSON V. THE STATE.

#### No. 10895.   Delivered April 13, 1927.

**1.—Passing Forged Instrument—Suspended Sentence—Court Must Appoint Counsel—Statute Construed.**

Where, on a trial for passing a forged instrument, the appellant, who was without counsel, requested the court to appoint an attorney to prepare and present an application for a suspension of sentence. The request was denied, but the court submitted in his charge the law on suspension of sentence, and the jury found adversely to appellant. The court's failure to appoint counsel to present his plea was error, which necessitates the reversal of the case.

**2.—Same—Continued.**

Art. 776, C. C. P., relating to suspension of sentence, provides, "When the defendant has no counsel, the court shall inform the defendant of his right to make such application, and the court shall appoint counsel to prepare and present same, if desired by defendant." We are clearly of the opinion that this statute is mandatory, in cases where the accused is entitled to and desires to have the issue submitted to the jury. See Holdman v. State, 251 S. W. 218, and other cases cited in this opinion.

Appeal from the District Court of Harrison County. Tried below before the Hon. P. O. Beard, Judge.

Appeal from a conviction for passing a forged instrument, penalty two years in the penitentiary.

The opinion states the case.

*Davidson, Blalock & Blalock* of Marshall, for appellant. On his right to counsel to present plea for suspended sentence appellant cites Moses v. State, 251 S. W. 219; Holdman v. State, 251 S. W. 218.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of unlawfully

passing a forged instrument, and his punishment assessed at two years in the penitentiary.

It was the contention of the state, and evidence was introduced to that effect, that the appellant unlawfully and fraudulently passed a forged instrument to H. J. Daugherty in the city of Marshall on December 18, 1926. The appellant entered a plea of not guilty and defended upon the ground of an alibi, introducing evidence to the effect that he was in the city of Dallas on the date of the alleged offense.

The appellant, when the case was called for trial, requested the court to appoint a lawyer to represent him, stating that he did not have money with which to employ counsel. The court then asked appellant if he desired to make application for a suspended sentence, and upon receiving a reply in the affirmative, the court informed appellant that he did not have a right, in an ordinary felony case, to command a lawyer to represent the accused, but that appellant could consider his application for suspended sentence as filed. It further appears that no plea for suspended sentence was ever filed, but that the court, of his own volition, submitted that issue to the jury, who acted upon it adversely; and that the appellant had no lawyer to represent him until after the verdict was returned. It is apparent from the record that the learned trial judge was of the opinion that, under the law, he was not required to appoint counsel to represent appellant in a case of this kind, and that in the event of a submission of the application for suspended sentence to the jury by the trial court, without formal written application having been filed, the appellant would not sustain any injury thereby even though the jury should decline to grant him a suspended sentence. In this the learned trial judge fell into error. A part of Art. 776, C. C. P., elating to suspension of sentence, reads:

"When the defendant has no counsel, the court shall inform the defendant of his right to make such application, and the court shall appoint counsel to prepare and present same if desired by defendant."

We are clearly of the opinion that this statute is mandatory in cases wherein the accused is entitled, and desires, to have the issue of suspended sentence submitted to the jury, as in the instant case. In the case of Holdman v. State, 251 S. W. 218, the appellant was charged with violating the liquor laws and he complained of the failure of the court to advise him of his right to have a plea for suspended sentence prepared and filed. The record in that case failed to show that the appellant

was under the age of 25 years, and this court held that the bill of exception was insufficient in that respect, but stated:

"So, in this case, if it appeared by the motion for new trial or by bill of exceptions properly filed that the accused was within the age which under any circumstances would entitle him to have presented to the jury a plea for suspended sentence, this court would not hesitate to reverse the judgment because upon such showing the judge of the trial court refused· a new trial."

In the case of Moses v. State, 251 S. W. 219, this court, in discussing the portion of Art. 776, C. C. P., quoted above, and the legislative intent in using the phrase "to prepare and present such applications," stated:

" 'Present' means 'to lay before a judge, magistrate or governing body for action or consideration; submit, as a petition, remonstrance, etc., for a decision or settlement to the proper authorities.' * * * The jury under our law is the proper authority to whom the matter of suspended sentence is to be submitted and it cannot be legally done by the District Attorney."

The court held in the Moses case that the trial court erred in failing to appoint an attorney to prepare and submit to the jury appellant's application for suspended sentence. After a careful examination. of the record, together with the statute and decisions referred to above, we think it was the intention of the legislature to require the trial judge, in cases where the accused is entitled to apply for suspended sentence, to call his attention to that fact, and if accused desires to have said issues presented to the jury, to appoint counsel to prepare, file and submit same for him to the court and jury. The court's refusal to do so in this case was clearly reversible error.

The judgment of the trial court is reversed and remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.