H. HAYNES V. THE STATE.

No. 11000.    Delivered October 19, 1927.

**Assault to Murder—Suspended Sentence—Right to Counsel—Cannot Be Denied.**

Where appellant, on trial for an assault to murder, filed his application for a suspended sentence, and had no counsel to defend him, it was the duty of the court to appoint counsel to file and present his application for a suspended sentence. The court failing to appoint counsel for him necessitates the reversal of the case. See Arts. 776 and 778. Following Holdman v. State, 251 S. W. 218, and Moses v. State, 251 S. W. 219.

Appeal from the District Court of San Augustine County. Tried below before the Hon. V. H. Stark, Judge.

Appeal from a conviction for an assault to murder, penalty two years in the penitentiary.

The opinion states the case.

*Adams & Hamilton* of Jasper, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is assault with intent to murder, the punishment confinement in the penitentiary for two years.

Appellant filed his application for a suspended sentence. He had no counsel to represent him, and the court failed to appoint an attorney to prepare and present his application for a suspended sentence. After he was convicted, appellant secured counsel, and seasonably presented his motion for a new trial, which was by the court overruled. He now presents for our consideration his bill of exception, wherein he complains of the action of the trial court in failing to appoint an attorney to file and present his application for a suspended sentence. The court has qualified the bill of exception as follows:

"There was not an attorney in court when defendant's case went to trial and the court prepared defendant's application for a suspended sentence, had the district clerk explain it to defendant, got his signature to it and filed it for him, then during the taking of the testimony the defendant placed his wife upon the witness stand to testify in his behalf, and when he had finished his examination, not having asked her about the facts necessary to submit to the jury the question of suspension of sentence, the court explained to the defendant that it was necessary for him to do so before he could submit the question to the jury, and that unless he did offer such evidence the court would not submit the question, and suggested the questions that he ask; the defendant declined to ask the questions, stating that he did not desire to offer any evidence on it. * * * "

The court did not submit the question of the suspension of the sentence to the jury. Art. 776, C. C. P., provides in part as follows:

"When the defendant has no counsel, the court shall inform the defendant of his right to make such application, and the court shall appoint counsel to prepare and present same if desired by the defendant."

Article 778 C. C. P. in part reads as follows:

"The court shall permit testimony as to the general reputation of the defendant to enable the jury to determine whether to recommend the suspension of sentence and submit the question as to whether the defendant has ever before been convicted of a felony; such testimony shall be heard and such

question submitted. only upon the request in writing by the defendant; provided that in all cases sentence shall be suspended if the jury recommends it in their verdict."

In the case of Holdman v. State, 251 S. W. 218, this court said:

"In a case where there exists no legal impediment to the granting of the suspended sentence, it would doubtless be a serious error for the trial court to ignore this provision of the statute."

The statute provides that the court shall appoint counsel to "prepare and present" the application for suspended sentence. The term "present" employed by the statute is defined by this court in the case of Moses v. State, 251 S. W. 219, as follows:

" 'Present' means 'to lay before a judge, magistrate or governing body for action or consideration; submit as a petition, remonstrance, etc., for a decision or settlement to the proper authorities.' Century Dictionary."

The defendant had the right under the statute to prove his good reputation in order that the jury might be enabled to determine whether or not they would recommend the suspension of the sentence. It does not appear from the record whether witnesses were available to prove his good reputation and whether he knew that he had the right to make such proof if the witnesses could be secured. An attorney representing his interests could have advised him of his rights under the statute. The fact that there was no attorney in court when appellant's case went to trial did not relieve the court of the duty of complying with the provisions of the statute.

In view of what we have said, we are constrained to hold that appellant was deprived of counsel to represent his interest as contemplated by the statute and that the court's action in overlooking the provision of the statute constitutes reversible error. See Moses v. State, 251 S. W. 219; Holdman v. State, 251 S. W. 218.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.