ADA RIVERS v. THE STATE.

No. 12500. Delivered June 5, 1929.

The opinion states the case.

*Henderson & Balin,* for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—Assault with intent to murder is the offense; punishment fixed at confinement in the penitentiary for a period of two years.

From a bill of exceptions it appears that the appellant was without an attorney and none was appointed for her; that when asked by the judge presiding if she had an attorney she answered that she was unable to employ one; that she wanted to plead guilty and ask for a suspended sentence; that under the instructions of the judge presiding the clerk prepared an application for a suspended sentence which the defendant signed. She was asked by the trial judge if she desired to testify and replied that she did not. The court made no explanation to her as to her rights without testifying or about introducing evidence under her plea for a suspended sentence. In explaining the bill the court said:

"I then asked her if the plea was voluntarily and fairly made and asked the statutory questions she was then asked if she wanted to file, application for suspended sentence she said she did. I directed the clerk to prepare it which he did. I asked her the questions as to her previous conviction and gave the fact in charge to the jury. * * *

"I refer to Art. 776, which only requires the appointment of a lawyer when 'desired by defendant.' "

The explanation is not regarded as controverting the matter in the bill of exceptions wherein the appellant stated that she was unable to employ an attorney, wanted to plead guilty and ask for a suspended sentence. The reply of the appellant as set out in the bill is deemed such as to render it obligatory upon the court to appoint an attorney in compliance with Art. 776, C. C. P., wherein it is said:

"When the defendant has no counsel, the court shall inform the defendant of his right to make such application, and the court shall appoint counsel to prepare and present same if desired by defendant."

The fact that the appellant had no attorney, was not able to employ one, wanted to present a plea of guilty and make application for a suspended sentence was enough, we think, to show that she *desired* the appointment of an attorney to represent her in the matter of the application for a suspended sentence. The statute contemplates that the services shall be performed by an attorney, and we are aware of no authority to substitute the clerk of the court. The service of the attorney contemplated by the statute is not only to *prepare* but to *present* the application. The interpretation of the statute was discussed in the case of Moses v. State, 94 Tex. Crim. Rep. 354, in which it was held that the preparation of the application by the *dis-*

*trict* attorney did not comply ,with the law. In Tepfer v. State, 293 S. W. Rep. 1107, it is said:

"We are clearly of the opinion that this statute is mandatory in cases wherein the accused is entitled, and desires, to have the issue of suspended sentence submitted to the jury, as in the instant case."

The statute in question (Art. 776, supra) sets forth the issues of fact in part, at least, which are raised by the plea for a suspended sentence. To give offect to the manifest intent of the Legislature in demanding an attorney to prepare and present the application, it is contemplated that the advice of an attorney may be made available to the accused touching the admissibility and relevancy of the evidence at hand in behalf of the accused as well as that which may be proffered by the State in opposition to the plea. We advert to the case of Haynes v. State, 299 S. W. Rep. 234. See also Holdman v. State, 94 Tex. Crim. Rep. 433.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*