CHARLES FAULKNER v. THE STATE.

No. 13343. Delivered May 21, 1930.
Reported in 28 S. W. (2d) 551.

The opinion states the case.

*Art Schlofman* of Dalhart, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for false swearing, punishment being two years in the penitentiary.

In 1913 appellant acquired by patent a tract of land situated in New Mexico on which he and his wife lived for a time. In May, 1927, his wife was not living with him and had not been for some time. A prospective buyer for the land, acting under the advice of an attorney, required an affidavit from appellant regarding his wife before accepting conveyance. He made an affidavit that his wife had died in the State of Illinois in January, 1916. On the alleged falsity of that statement this prosecution for false swearing was predicated. The former wife whom appellant had sworn was dead appeared in court and testified that she separated from appellant in 1915, secured a divorce from him in 1916 and had married again in 1923. Appellant claimed that he had been told by a son and a brother-in-law that his wife was dead, and believed it to be a fact when he made the affidavit.

Appellant requested three special charges upon the subject of his good faith in believing his wife was dead at the time he made the affidavit. In the main charge the court had told the jury if at the

time appellant made the alleged false statement under oath he believed the facts therein stated to be true they should acquit him. In view of this instruction the refusal of the requested charges was not erroneous.

Among other grounds set up in appellant's motion for new trial was an averment that the jury had separated in violation of the statute (Art. 623 C. C. P.) and requested that the jury be summoned, and the court hear evidence on the alleged misconduct. Complaint is made in bill of exception number one that the court would not permit appellant to offer testimony on the alleged misconduct of the jury. The bill might be disposed of on the ground that it is not shown what the evidence would have been had the court heard it. The court's qualification to the bill shows that the motion for new trial was not sworn to and that no affidavits were filed to support it. Under these circumstances the court committed no error in refusing to hear the proffered testimony. Noble v. State, 98 Tex. Cr. R. 463, 266 S. W. 412; Purswell v. State, 107 Tex. Cr. R. 121, 294 S. W. 1107; Vyvial v. State, 111 Tex. Cr. R. 111, 10 S. W. (2d) 83; Bryant v. State, 69 Tex. Cr. R. 457, 153 S. W. 1156.

The affidavit containing the alleged false statement was made before Mildred Jackson and signed by her as "Notary Public, Sherman County, Texas." It appears from bill of exception number three that the state introduced in evidence a bond for $1000.00 executed by Mildred Jackson as Notary Public, upon which as surety appears the "United States Fidelity and Guaranty Company, By Roger F. Watson, Its Attorney in Fact." Upon said bond also appears an affidavit purporting to state the worth of the surety, which affidavit is signed exactly as the bond, which affidavit purports to have been taken before "Ella Burge, Notary Public, Dallas County, Texas." When this bond was offered in evidence appellant interposed objection on the following grounds:

"Because the proper predicate had not been laid because the same does not show upon its face, that the party conformed to the laws and qualified under the laws of the State of Texas, and for the further reason that the same is immaterial, irrelevant and prejudicial and does not show to have been properly sworn to nor legally signed and executed as required by the laws of the State of Texas, nor does it show that the party executing it as Attorney-in-Fact, had authority to execute same."

We have not been favored with a brief from appellant and must confess ourselves at some loss to appraise the bill of exception in question. What "party" the bill refers to as not having "conformed to the law," is left to speculation. It might as well refer to the notary who took the affidavit of the surety on the bond as to the notary who took the alleged false affidavit. There appears no affirmative showing that Mildred Jackson was not authorized to act as Notary Public. She testified without objection that she was so acting. When the affidavit taken by her was offered by the state it was not opposed on the ground that she was not a Notary Public. The bond in question may have been "immaterial and irrelevant," but in what manner it could have been prejudicial to appellant we fail to discover. We must hold that bill of exception number three does not manifest such errors as warrants reversal.

Bill number two preserves exception to a failure of the court to direct a verdict of acquittal. It calls for no discussion. The evidence is ample to support the verdict.

The judgment is affirmed.

*Affirmed.*