A. J. WHITE V. THE STATE.

No. 18183. Delivered April 29, 1936.

The opinion states the case.

*Sam H. Townsend* and *C. W. Falvey*, both of Lufkin, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for theft of property over the value of $50.00, punishment assessed being two years in the penitentiary.

Notice of appeal was given on June 20, 1935. Subdivision 5, Art. 760, C. C. P., allows consideration of a statement of facts filed within ninety days from the date the notice of appeal was given. The statement of facts here was not filed until ninety-five days after the notice of appeal.

The attorneys for appellant by affidavit make it appear that the delayed filing was no fault of appellant or the attorneys, hence same will be considered.

On the night of January 17th, 1935, Woodie Cryer had an automobile stolen from him at Diboll in Angelina County. It was taken between seven and eight o'clock from in front of an auditorium where an entertainment was in progress. Grover Davis, an accomplice witness, makes out a case against appellant. Davis testified that he first saw appellant with the car about eight-thirty upon the night in question; that he and appellant drove to Houston in the car, left it in the woods after removing the wheels and hiding them in the grass. The car and wheels were recovered by officers and delivered to Cryer who identified them as belonging to him. The corroboration of the accomplice witness was supplied by the testimony of Clarence Campbell and Mrs. Jordan. It is not necessary to set out same in detail, but it meets the requirements of Art. 718, C. C. P., as tending to connect appellant with the theft.

Bill of exception number one complains of the action of the court in refusing a continuance. The bill was not presented to

the trial judge for his approval until October 3rd, and was not filed with the clerk until October 13th, some fifteen days after the time allowed. We observe no reason for delay in filing such bill within the ninety days granted by the court. Same will not be considered. The delay in securing the statement of facts could in no way have obstructed a prompt preparation and presentation of this bill.

Bill of exception number two complains of misconduct of the jury in that it is claimed they received additional evidence after their retirement. For a number of reasons this bill is not entitled to consideration. The delay in presenting the bill to the trial judge for approval until after the expiration of ninety days might be excused by the delay in receiving a transcript of the evidence taken on the hearing of the motion for new trial. (a) However, the bill was approved by the trial judge on October 3rd; it was not filed in the court below until October 13th. We discover no reason for this apparently unreasonable delay in filing same after its approval. (b) Article 756, C. C. P. (1925) provides that:

"* * * All motions for new trials shall set forth distinctly in writing the grounds upon which the new trial is asked." In the motion for new trial in the present case no complaint of misconduct of the jury is mentioned. It has always been held that when misconduct of the jury is urged in the motion such ground should be verified. See Branch's Ann. Texas P. C., Sec. 573; Bryant v. State, 69 Texas Crim. Rep., 457, 153 S. W., 1156; Dodson v. State, 92 Texas Crim. Rep., 488; 244 S. W., 601; Chapman v. State, 73 S. W. (2d) 536. Many other cases are to be found listed under Art. 756, Vernon's Ann. Texas C. C. P., Vol. 3, in Note 11.

Before discovering the defects pointed out we had examined the evidence heard by the court upon the claim of misconduct. The trial court was warranted in concluding that no injury resulted to appellant.

The judgment is affirmed.

*Affirmed.*