## O. D. LEWIS v. THE STATE.

No. 18272. Delivered May 6, 1936.
Rehearing Denied May 27, 1936.

The opinion states the case.

*John B. McNamara,* of Waco, and *L. W. Shepperd,* of Groesbeck, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for murder, punishment being assessed at three years in the penitentiary.

Appellant was manager of a laundry at Mexia. Deceased, (W. M. Smith) was an employee. On Saturday afternoon, June 24th, 1933, appellant killed deceased in the office of the laundry plant. Deceased was in his shirt sleeves and wearing white trousers and was unarmed. No one was immediately present at the time of the killing save appellant and deceased.

Appellant claimed that deceased was drinking on the afternoon in question and came into the office where appellant was checking up the week's work and disturbed appellant by talking over the telephone; that appellant complained about the disturbance; deceased left but came back in a few minutes, apparently angry, cursed apellant, and—as it looked to appellant—made a move as if to draw a weapon, whereupon appellant shot deceased three times.

Appellant filed an application for suspended sentence and proved a good reputation.

A number of objections to the charge are found in the record. We have examined the instructions in the light of the exceptions thereto and have failed to discover any serious defects in the charge.

In a supplemental motion for new trial appellant averred that the jury had received evidence other than as heard from the witness stand. The motion is not verified. It has been the consistent holding of this court that in order to raise the issue of misconduct of the jury the motion for new trial must be verified. Branch's Ann. Texas P. C., Sec. 573; Bryant v. State, 69 Texas Crim. Rep., 457, 153 S. W., 1156; Dodson v. State, 92 Texas Crim. Rep., 488, 244 S. W., 601; Chapman v. State, 73 S. W. (2d) 536. See, also, White v. State, No. 18,183, decided April 29, 1936. (Reported on page 300 of this volume).

We discover no error in the record upon which a reversal might be predicated.

The judgment is affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant moves for rehearing, and sends up a supplemental transcript showing that in fact his motion for new trial was sworn to. We consider the motion in this connection. Complaints in paragraphs 8, 9 and 11 of the motion are of the fact that the jury were allowed to go to a picture show after impanelment; also that they received other evidence than that introduced, and that they were permitted to separate. The proof offered on the hearing of the motion failed to show any separation of the jury, or that they received evidence aliunde. As to their visit to the picture show, appellant admits that he agreed that they might go to same, and this being true, he seems to have small room for complaint of the fact that the show was built around a supposed murder scene.

Complaint appears of our failure to pass on a bill of exceptions setting up error for failure of the trial court to have appellant served with a copy of the indictment. The matters complained of are not certified in the bill as true. We observe from the record that appellant was indicted in 1933, filed application for suspended sentence in 1934, and was tried in September, 1935. Nothing in the transcript or in the bill of exceptions certifies it as a fact that this appellant was not given a copy of the indictment. It appears from the bill of exceptions mentioned that he made complaint of the fact that he had not been served, and moved the court to require the State to serve him with a copy of the indictment, and allow him two days thereafter in which to prepare for trial in this cause. Appellant having been on bond, it is manifest that the court would not have to delay the trial of the case for two days, and, as above stated, there is nothing in the record showing as a matter of fact that appellant was not given a copy of the indictment.

Being unable to agree with appellant's contentions in the motion, same is overruled.

*Overruled.*