### RAUL HERNANDEZ V. THE STATE.

No. 20608.  Delivered November 22, 1939.

The opinion states the case.

*Anthony Morales, Jr.,* and *Jones & Jones,* all of Del Rio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant, a Mexican boy, was indicted on April 10, 1939, by the grand jury of Crockett County for forgery. On the same day he and two other boy companions were brought into court, and waived their statutory two days time to prepare for trial. See Art. 514, et seq., C. C. P. At such time the appellant also waived a jury as provided for by Art. 10a, Vernon's Code of Criminal Procedure. Appellant was also by the court apprised of his right to file an application for a suspended sentence, which application was prepared for him by the State's Attorney and filed by the district clerk.

The district attorney, after proving up the State's case, also showed by proof that the appellant had never been convicted of a felony in this or any other state. The record shows that the court convicted this appellant on his plea of guilty and sentenced him to serve two years in the State Penitentiary, all on the same day of the return of the indictment. It is shown that appellant had no attorney representing him at this trial, and none to present his plea for a suspended sentence.

Appellant files a very comprehensive brief complaining of many alleged errors committed in the trial in the court below, some of which will doubtless not occur in another trial herein.

Complaint is made because of the fact that the appellant was allowed to waive a jury and enter his plea of guilty before the court in the absence of an attorney representing him. The statute, now Art. 10a, Vernon's C. C. P., contains the following proviso: "Provided, that before a defendant who has no attorney can agree to waive a jury, the court must appoint an attorney to represent him."

This provision of the statute seems to be mandatory, and before a person charged with a felony can waive this valuable right of a trial by jury, provided he has no attorney representing him, we hold it is the duty of the trial court to appoint one for him. Such an appointment should have been made by the trial court.

We also note that the appellant made and filed an application for a suspended sentence, such application being prepared by and presented for him by the district attorney. Such a proceeding was not is consonance with the statute relative thereto.

Art. 776, C. C. P. reads in part as follows: "* * * When the defendant has no counsel, the court shall inform the defendant of his right to make such application, and the court shall appoint counsel to prepare and present same if desired by defendant."

We have heretofore held that it was not a sufficient compliance with the statute for the district attorney to prepare and present such an application. See Moses v. State, 251 S. W. Rep. 219; Noble v. State, 17 S. W. (2d) 1063; Haynes v. State, 299 S. W. Rep. 234; Rivers v. State, 18 S. W. (2d) 171; Alverson v. State, 293 S. W. Rep. 1107.

We thus find appellant without counsel, having waived the statutory right of two days after indictment in order to prepare his case for trial, the right of a trial by jury, the right to have an attorney prepare and present his application for a suspended sentence, and his right of two days in which to file a motion for a new trial, all without the advice and assistance of an attorney. We find all this happening on the same day he was indicted, tried and sentenced.

In view of the statute and decisions thereunder we are of the opinion that such proceedings constituted error, and this judgment is reversed and the cause remanded.