WILLIAM NOBLE v. THE STATE.

No. 12534.   Delivered May 22, 1929.

The opinion states the case.

*Tom J. Cunningham* of Eastland, for appellant.   On right to have counsel appointed to present suspended sentence plea, appellant cites: Moses v. State, 251 S. W. 219; Anderson v. State, 293 S. W. 1107 and Haynes v. State, 299 S. W. 234.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is theft of property over the value of fifty dollars; the punishment confinement in the penitentiary for two years.

We gravely doubt the sufficiency of the evidence. In view of the fact, however, that the case must be reversed for the error hereinafter discussed we preterm it a consideration of the question.

Appellant filed his application for suspended sentence. He was not represented by counsel and the court failed to appoint an attorney to prepare and present his application. He now presents for our consideration his bill of exception, wherein he complains of the action of the trial court in failing to appoint an attorney to file and present his application for a suspended sentence. The court has qualified the bill of exception as follows:

"Defendant was not represented by counsel and the Court took special pains to advise the defendant of his right to file an application for suspended sentence, and then instructed the Clerk to prepare the application for the defendant to sign. At the request of the Court the defendant was interrogated by the District Attorney with reference to whether or not he had ever been convicted of a felony in this or any other State so that the jury might have for its consideration his application for a suspended sentence, and that is the only question upon which the District Attorney interrogated the defendant."

Article 776, C. C. P. provides in part as follows:

"When the defendant has no counsel, the court shall inform the defendant of his right to make such application and the court shall appoint counsel to prepare and present same if desired by defendant."

Article 778, C. C. P. in part reads as follows:

"The court shall permit testimony as to the general reputation of the defendant to enable the jury to determine whether to recommend the suspension of sentence, and submit the question as to whether the defendant has ever before been convicted of a felony; such testimony shall be heard and such question submitted only upon the request in writing by the defendant; provided, that in all cases sentence shall be suspended if the jury recommends it in their verdict."

There appears to have been no legal impediment to the granting of the suspended sentence. In Holdman v. State, 251 S. W. 218, the opinion was expressed that it would doubtless be a serious error for the trial court to disregard Article 776, supra, in a case where there was no legal impediment to the granting of a suspended sentence. It is noted that the statute provides that the court shall appoint counsel to "prepare and present" the application for suspended sentence. The term "present" has been defined as follows:

"Present means 'to lay before a judge, magistrate, or governing body for action or consideration; submit, as a petition, remonstrance, etc., for a decision or settlement to the proper authorities.' Century Dictionary." See Moses v. State, 94 Tex. Cr. Rep. 433, 251 S. W. 219.

Appellant had the right to prove his good reputation in order that the jury might be enabled to determine whether or not they would recommend the suspension of the sentence. It does not appear from the record whether witnesses were available to prove his good reputation and whether he knew that he had the right to make such proof, if the witnesses could be secured. It does appear that he was questioned by the district attorney as to whether he had ever been convicted of a felony in this state or in any other state. His testimony disclosed that he had not theretofore been convicted of a felony in this state or in any other state. No witness except appellant testified in his behalf. An attorney representing his interests could have advised him of his right under the statute to prove his good reputation. The court was not authorized to substitute the clerk of the court for an attorney. Again the court was not authorized to substitute the services of the district attorney, whose duty it was to represent the state, for those of an attorney. None of the things stated in the qualification relieved the court of the duty of complying with the provisions of the statute. Haynes v. State, 299 S. W. 235; Moses v. State, 251 S. W. 219; Holdman v. State, supra.

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.