RAY McMURRAY v. THE STATE.

No. 14686.   Delivered January 13, 1932.

The opinion states the case.

*J. A. Johnson,* of Stephenville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for burglary, punishment being assessed at two years in the penitentiary.

Appellant entered a plea of guilty. It appears that appellant had no counsel to represent him at the time he entered his plea. He afterwards secured counsel and in the motion for new trial it is averred that he was not informed by the court that he had a right to make and file an application for suspended sentence. Upon a hearing on the motion appellant and the district attorney gave testimony which is brought forward. On direct examination appellant testified as follows:

"When I was brought before the court Monday morning, the 11th, I had not been informed that I was entitled to a suspended sentence. No one informed me that I was entitled to file an application for a suspended sentence in this case. If I had been so informed I would have attempted to file one. No one informed me that the court was bound by law to appoint counsel to prepare an application for a suspended sentence. I did not know that was the duty of the court under those circumstances. If I had known that I was entitled to have counsel appointed I would have asked the court to have counsel appointed for me."

On cross-examination he said that he had talked to Mr. Taylor (the district attorney) at the jail, and that Mr. Taylor asked what he wanted to do and that appellant said he wanted to plead guilty; that he knew of

the suspended sentence and that application could be made for it. He testified further as follows:

"When I came over here to the courthouse I had another conversation with Mr. Taylor, and he told me what questions the court would ask me on my plea of guilty. I said I wanted to make application for a suspended sentence and Mr. Taylor said I couldn't ask for one. He said I couldn't get one. I didn't know exactly that I could make an application for a suspended sentence. Mr. Taylor told me that because of my past record and the fact that I had been convicted of theft; he said that he would have to contest the application and he didn't believe that I could get it. I said I would like to have a suspended sentence. Mr. Taylor told me that he was going to contest my application because of my conviction of theft in the county court. I then pleaded guilty, all right. *After my conversation with Mr. Taylor I understood that I couldn't get a suspended sentence. I understood that I wasn't allowed to ask for a suspended sentence. That is what I thought, I think Mr. Taylor said I couldn't get one. I wanted a suspended sentence all the time.*"

Mr. Taylor testified that in his conversation at the jail appellant told him he wanted to plead guilty and take straight time. His evidence as to what occurred later in the court house follows:

"I came back to the court house and after Mr. Lee, the jailer, brought them over I then talked further to McMurray and advised him of the questions that he would be asked by the court on his plea of guilty. He then said something in substance that he wanted to make application for a suspended sentence, or believed he would. I said that is your privilege but I am going to oppose the application because of your record and the fact that you have been convicted for theft; and I am going to try to keep you from getting it on those grounds. He then said he just believed he would go ahead and enter a plea of guilty without the application. I believe I had no further conversation with him about the matter. I believe also I told him that in my opinion I didn't think he would get a suspended sentence because of his record, if it were contested and I intended to make a contest of his past record. I told him that if he wanted to plead guilty and take straight time I would recommend to the jury the lowest sentence. * * * The court didn't tell him that the offense on which he was indicted was one that he was entitled to file an application for a suspended sentence. I had already informed the court before that time that the defendant did not desire to make application for a suspended sentence."

Doubtless the district attorney acted in perfect good faith in advising appellant that in his (the district attorney's) opinion appellant could not secure a suspended sentence, and also in informing the court that appellant did not desire to make application for suspended sentence. On the

other hand, it can readily be understood how, after his conversation with the district attorney, appellant,—ignorant of his rights in the premises, and with no attorney to advise him—reached the conclusion stated by him in his testimony.

Article 776, C. C. P., which relates to suspended sentence, in part, reads:

"* * * When the defendant has no counsel, the court shall inform the defendant of his right to make such application (for suspended sentence) and the court shall appoint counsel to prepare and present same if desired by defendant."

It has been said that "where there exists no legal impediment to the granting of the suspended sentence, it would doubtless be a serious error for the trial court to ignore this provision of the statute." Holdman v. State, 94 Texas Crim. Rep., 433, 251 S. W., 218. From other cases it is clear that compliance with the statute is demanded. Moses v. State, 94 Texas Crim. Rep., 353, 251 S. W., 219; Noble v. State, 112 Texas Crim. Rep., 541, 17 S. W. (2d) 1063; Barton v. State, 107 Texas Crim. Rep., 75, 294 S. W., 1112. The statute in question has imposed upon the trial judge,—not the district attorney—the duty of advising an accused without counsel of his rights under the suspended sentence law, and to appoint counsel to prepare and present the application to the jury. It follows that the responsibility is likewise on the court—and not on the district attorney,—to determine whether the accused has waived making an application for suspended sentence, after being advised of his rights. In Moses' case, supra, the district attorney prepared and filed for accused an application for suspended sentence, but resisted it before the jury. It was held that his office imposed upon him the duty of representing the state, and that he could not at the same time represent the accused. If the statute in question had been complied with the question now being considered would not have arisen. Doubtless if the court had advised appellant of his legal rights the court would have discovered appellant's wishes, and would have appointed counsel to prepare and present an application for a suspended sentence. It is impossible for this court to know what evidence might have been presented upon that issue, or what the jury's action would have been regarding it. We are, likewise, unable to say that the failure to comply with the statute did not result in injury to appellant.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*