## BEAUTY BROWN V. THE STATE.

No. 16677. Delivered May 2, 1934.

The opinion states the case.

*Tom Seay*, of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for theft; punishment, two years in the penitentiary.

The facts as to the taking by appellant of dresses, etc., of the approximate value of $150.00, were without dispute. No exception was taken to the court's charge. There is but one bill of exceptions, the substance of which is set out as follows. Appellant is a grown negro woman. When this case was called for trial, without inquiry as to whether she had a lawyer, or desired to ask for a suspended sentence, and without then informing her as to her rights in this regard, or appointing anyone to represent her for that purpose, it appears the court called her case and she announced ready for trial; a jury was impaneled, a plea of not guilty entered, and the State witnesses gave their testimony. Then, or at some other time not disclosed, the court below found out that appellant wanted to apply for a suspended sentence, and he then appointed an attorney to prepare and present for her such application, all of which was done. Apparently all the time and opportunity desired was given appellant and said attorney to procure such witnesses as they wished, or as were available, and no objection seems to have been offered to further then proceeding with the case. As far as we are informed by this record, the two witnesses who had given testimony for the State before the appointment of said attorney,—were still in attendance on the court, and no reason appears or effort to have them brought back for any further examination or cross-examination by such attorney. Nor was effort then made, or showing made in connection with any motion for new trial, to the effect that any juror sitting in this case was prejudiced against the giving of a suspended sentence.

Appellant produced four witnesses as to her reputation, three of whom testified favorably as far as they knew,—two from an acquaintance of a year and a half, and one from employment of appellant for five or six months some two years prior to this trial. One such witness affirmed that appellant's reputation was bad, saying "Her general reputation, from what I have heard other people say, is bad." A rebuttal witness for the State swore that appellant's reputation was bad, and when asked on cross-examination by appellant's counsel if he knew whether she had ever been convicted of a felony or misdemeanor, he replied that he had heard so.

In his able brief appellant's counsel insists that it was reversible error for the judge to have failed to find out before the trial began, that appellant wanted to apply for a suspended sen-

tence, and to then appoint for her a lawyer to,—in the language of article 776, C. C. P.,—"prepare and present such application."

While agreeing that it would be better in every case that the law applicable be followed and applied,—yet unless the particular matter complained of be violative of some mandatory statute, or be in the opinion of this court capable of some injury to the accused, we would not reverse. We do not think it was the intent of the law, as set out in article 776, supra, in cases where the accused asking for a suspended sentence appears in court without counsel, that this would require the court to appoint an attorney to defend generally in the case. We have not intended to so say in any instance. To so hold would enable any person accused of a felony,—who did not care to hire a lawyer,—to get one to fight the whole case simply by asking that an attorney be appointed to prepare and present an application for a suspended sentence. We believe to hold this would be to impose an unfair burden upon the legal profession and would go beyond what seems a fair construction of said statute.

We have in several cases outlined our views as to what is meant by presenting a matter of this kind. See Moses v. State, 94 Texas Crim. Rep., 353; Haynes v. State, 299 S. W., 234; Noble v. State, 17 S. W. (2d) 1063, and we have reversed when the court failed or refused, in a proper case, to appoint counsel for this purpose, and it appeared that injury might have resulted,—Holdman v. State, 94 Texas Crim. Rep., 433; Haynes v. State, supra,—but are of opinion that the facts in the case before us fail to show any injury, or such violation of the rights of the accused as should call for reversal. In fact, we might have declined to discuss appellant's complaint at all because this record discloses an entire absence in this case of any testimony that appellant had never before been convicted of a felony,—it being laid down in said article 776, as an indispensable prerequisite to the grant of such suspended sentence, that the application state and the proof show that the accused had never been so convicted. Appellant did not testify. None of her witnesses gave testimony that she had never been so convicted. The State's rebuttal suggests and supports the theory that she had been so convicted.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*