# NOVEMBER 22, 1939

MANUEL ARSOLA V. THE STATE.

No. 20607. Delivered November 22, 1939.

The opinion states the case.

*Anthony M. Morales, Jr.,* and *Jones & Jones,* all of Del Rio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is forgery. The punishment assessed is confinement in the State Penitentiary for a term of two years.

Appellant was indicted on April 10, 1939 for the offense of forging the name of Mrs. Eva Lena Hill to a check in the sum of $20.90. He was in jail at the time the indictment was returned by the Grand Jury, and was brought into open court and

advised by the judge of the court that under the law he was entitled to two days in which to prepare for trial. He told the court that he was guilty and wanted to plead guilty; that he did not want to wait for two days, but wanted to get it over with. The court properly admonished him of the consequences of such a plea, but appellant persisted in pleading guilty. The court also advised him of his right to waive a jury and his right to file a plea for suspension of sentence. It appears that appellant, with the consent of the District Attorney and the approval of the Court, waived his right to trial by a jury, filed a plea for suspension of sentence, *which plea was filed for him by the District Attorney*. He then entered a plea of guilty. The State notwithstanding said plea proved that the check which appellant passed was a forgery The court assessed his punishment as above stated, but declined to suspend his sentence. Appellant filed a motion for a new trial based upon two grounds: (1) That he was not given the statutory time of two days in which to file special pleas and prepare for trial, and (2) that the court failed to appoint an attorney to prepare and file an application for suspension and to present the same. The State contested the motion and upon a hearing thereof it developed that the District Attorney prepared the plea for suspension of sentence. The Court overruled the motion to which appellant excepted and gave notice of appeal to this Court.

The record discloses that appellant had never been theretofore convicted of a felony in this or any other state.

Before entering upon a discussion of either of these questions, we note that while the motion for new trial was not filed until five days after the conviction of the appellant, still this Court will presume that good cause was shown therefor since the trial court entertained it upon its merits; this was a discretionary matter under the statute. See Art. 755 C. C. P., Moray v. State, 135 S. W., 569; Bottom v. State, 105 Tex. Crim. Rep., 75; Hart v. State, 17 S. W., 421; Young v. State, 54 Tex. Crim. Rep., 379, 113 S. W., 16.

The only one of the above two questions which we deem necessary to consider is the failure of the Court to appoint counsel for appellant to prepare and present the plea for a suspension of sentence. Whether the District Attorney performed these services at his own volition or at the request of the Court is not disclosed. At any rate, however, it is improper for the District Attorney to represent both the State and the defendant on the question. This Court has held that the District Attorney's office imposes upon him the duty of representing the State, and he cannot at the same time represent the de-

fendant on the question of a suspension of sentence. See Moses v. State, 251 S. W. 219; McMurray v. State, 45 S. W., (2d) 217; Noble v. State, 112 Tex. Crim. Rep., 541; 17 S. W. (2d) 1063; Art. 776 C. C. P. The right to file a plea for suspension of sentence and to have the same properly presented, together with all pertinent evidence, is a valuable right, conferred by statute upon one accused of certain crimes, and it is our opinion that the learned trial court fell into error in failing to follow its mandatory provisions. See also the mandatory provisions of Art. 10a C. C. P.

For the error discussed, the judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.