SYLVESTER DIAZ V. STATE.

No. 26,859.   March 24, 1954.

A. J. Smith, Jr., Anson, for appellant.

Wesley Dice, State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is assault with intent to murder; the punishment, 2 years.

There is no material conflict between the testimony of the state's witnesses, the defense witnesses, appellant's confession, and his testimony. They show that the appellant and the injured party had had prior difficulties, that on the night in question the 14-year old brother of the injured party had cursed or used impudent language toward the appellant and that the appellant had struck the boy, who went home and reported the incident to the injured party. The injured party went in search of the appellant and found him in front of a cafe where they had some words, and the appellant left, went to his home and secured a pistol. Later the appellant's automobile and that of the injured party came to a halt near each other. The appellant got out of his automobile, mounted the running board of the injured party's pickup truck, and fired two shots at him. The injured party fled toward an adjacent home, and appellant fired two more shots at him as he was running away. The injured party was shot four times, one time in his back.

Appellant testified that the injured party had a tire tool in his hand at the time he fired the first shots, but did not testify that any threatening gesture was made toward him.

We find the evidence sufficient to support the conviction.

There are no formal or informal bills of exception.

The sole contention presented in appellant's brief is what denominates the failure of the court "to provide the defendant with an attorney for essential portions of his trial."

In the absence of a bill of exception, only the allegations of the motion for new trial alleging jury misconduct on the receipt of new evidence by the jury during their deliberations may be considered under Article 760(e), V.A.C.C.P.

Under the provisions of Article 776, C. C. P., when the defendant has no counsel the court shall inform him of his right to make application for suspension of sentence and shall appoint counsel to prepare and present the application. Noble v. State, 112 Tex. Cr. Rep. 541, 17 S. W. 2d 1063; Arsola v. State, 138 Tex. Cr. Rep. 1, 133 S. W. 2d 585.

The trial judge did appoint counsel, and the application was presented, the evidence heard, and counsel so appointed cross-examined witnesses for the state, offered witnesses in appel-

lant's behalf and made an argument to the jury. But appellant complains that counsel was not appointed until the jury had been selected.

Under Article 776, C. C. P., the trial court is not required to appoint counsel to defend generally, but only to assist in the filing and presenting of the application. Brown v. State, 126 Tex. Cr. Rep. 199, 71 S. W. 2d 284.

Further, it appears from the record that the court itself examined the panel for the appellant, and the district clerk helped him strike the jury list. When the appellant was called upon to plead to the indictment, he plead guilty. The court halted the trial, appointed the Honorable A. J. Smith, Sr., a lawyer of many years' experience, to represent the appellant, and he did so. The record does not reveal at what stage of the trial the application for suspended sentence was filed. The statute requires that it be filed before announcement, but the judge in his discretion may permit it to be filed at any time before the argument.

It is clear from the record that the appellant was given ample opportunity to secure witnesses at the time his case was set some weeks prior to the trial, was informed of his right to and did apply for suspension of sentence, was represented by counsel during the development of the evidence and argument, and the issue of suspending his sentence was submitted to the jury and by them rejected.

Finding no reversible error, the judgment of the trial court is affirmed.