CLENEST CROWELL V. STATE

No. 27,564. May 4, 1955
State's Motion for Rehearing Denied June 1, 1955

*Fisher & Reavley,* by *Joe J. Fisher,* Jasper, for appellant.

*J. L. Smith,* District Attorney, San Augustine, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

This conviction is for the offense of child desertion; the punishment, 18 months in the penitentiary.

After conviction, appellant secured counsel and filed a motion for a new trial alleging that the trial court erred in failing to appoint an attorney to "prepare and present" his application for a suspended sentence.

It was shown on the motion for a new trial that after appellant had advised the court that he wanted counsel, he was placed on trial without an attorney; and that he entered a plea of not guilty upon a jury trial.

The judge, at the beginning of the trial, determined that appellant was entitled to file an application for a suspended sentence, and so advised appellant who stated that he desired to make such application. The judge then directed appellant to the clerk of the court who was instructed to prepare such application. The judge further advised appellant of the evidence required to support his application and the nature of the questions to elicit such proof, and suggested that he use his mother as a witness and, when she was called, the judge conducted the examination and made the necessary proof to support appellant's application. Appellant testified in his own behalf, but did not give any testimony in support of his plea for a suspended sentence.

No further advice was given appellant as to the preparation and presentation of his application for a suspended sentence.

The transcript does not contain an application for a suspended sentence in behalf of appellant.

The court submitted to the jury the issue of suspension of sentence in the event of appellant's conviction, which was by them denied.

Art. 776, C.C.P., provides, in part, as follows: "* * * When the defendant has no counsel, the court shall inform the defendant of his right to make such application, and the court shall appoint counsel to prepare and present same if desired by defendant. * * *"

Art. 778, C.C.P., reads, in part, as follows: "The court shall permit testimony as to the general reputation of defendant to enable the jury to determine whether to recommend the suspension of sentence. * * *"

The decisions of this court, construing and applying the above statutes, show that the preparation and presentation of an application for a suspended sentence contemplate the advice of an attorney in behalf of the accused as to the admissibility and relevancy of evidence in his behalf as well as that which may be proffered by the state in opposition to his plea. Appellant is also entitled to the benefit of counsel concerning his right to present testimony as to his general reputation; the right to testify or remain silent; and the right to apply for a suspended sentence and at the same time enter a plea of not guilty. Moses v. State, 94 Texas Cr. R. 353, 251 S.W. 219; Alverson v. State, 106 Texas Cr. R. 513, 293 S.W. 1107; Haynes v. State, 108 Texas Cr. R. 62, 299 S.W. 234; McMurray v. State, 119 Texas Cr. R. 74, 45 S.W. 2d 217; Hernandez v. State, 138 Texas Cr. R. 4,. 133 S.W. 2d 584.

The preparation and presentation of an application for suspended sentence in behalf of the accused by any public official serving the court is not in compliance with the statutes relative thereto. Noble v. State, 112 Texas Cr. R. 541, 17 S.W. 2d 1063; Arsola v. State, 138 Texas Cr. R. 1, 133 S.W. 2d 585.

In view of the statutes and the decisions thereunder, we are of the opinion that the court erred in failing to appoint counsel to prepare and present appellant's application for a suspended sentence.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.

ON STATE'S MOTION FOR REHEARING

DICE, Judge.

The state, in its motion for rehearing, urges that the appellant's complaint of the failure of the court to appoint counsel for him was not properly before us for review because the same was not presented by a formal bill of exception, but only presented by appellant's motion for new trial.

It is insisted that Article 760e, V.A.C.C.P., does not authorize us to consider, in the absence of a formal bill of exception, the complaint in a motion for new trial as to the failure of the court to appoint counsel, and in support of this contention the state relies upon certain language contained in our opinion in the recent case of Diaz v. State, 159 Texas Cr. Rep. 545, 266 S.W. 2d 136.

Although there is language in the opinion in the Diaz case which infers that, in the absence of a bill of exception, a motion for new trial based upon the failure of a court to appoint counsel cannot be considered under Art. 760e, supra, the opinion and record in that case reflect that we did consider the complaint raised in the motion for new trial of the failure of the court to appoint counsel.

It has been the uniform holding of this court that the provisions of Art. 776, C.C.P., requiring that the court inform the defendant of his right to apply for a suspended sentence and to appoint counsel to prepare and present such application, if desired, are mandatory. Noble v. State, 112 Texas Cr. R. 541, 17 S.W. 2d 1063; McMurray v. State, 119 Texas Cr. R. 74, 45 S.W. 2d 217; Ex parte Huddleston, 149 Texas Cr. R. 388, 194 S.W. 2d 401; Wilson v. State, 151 Texas Cr. Rep. 570, 209 S.W. 2d 598.

It has been the policy of this court, prior to the enactment of Art. 760e, V.A.C.C.P., to consider on appeal a complaint of the failure of the trial court to follow the mandatory provisions of Art. 776, supra, when shown in a motion for new trial.

In Holdman v. State, 94 Texas Cr. R. 433, 251 S.W. 218, where complaint was made on appeal of the action of the court in overruling a motion for new trial based upon the ground

that the court had failed to advise the accused of his right to have a plea asking for a suspended sentence prepared and filed, this court said:

"In a case where there exists no legal impediment to the granting of the suspended sentence, it would doubtless be a serious error for the trial court to ignore this provision of the statute."

\* \* \* \*

"So, in this case, if it appeared by the motion for new trial or by bill of exceptions properly verified that the accused was\*\*\* entitled \*\*\* to have presented to the jury a plea for a suspended sentence, this court would not hesitate to reverse the judgment because upon such showing the judge of the trial court refused a new trial."

In the case of Elder v. State, 131 Texas Cr. R. 150, 97 S.W. 2d 203, the court, in considering a complaint raised in a motion for new trial of the failure of the trial court to inform the accused of his statutory right to apply for a suspended sentence, quoted the language used by the court in the Holdman case.

The state further insists that the record does not show that the appellant requested or expressed to the court his desire that counsel be appointed to prepare and present an application for suspension of sentence for him.

The record reflects that the case was called for trial on a Wednesday, and at such time appellant appeared, and when asked by the court if he had procured counsel, stated that he had not, but that he wanted counsel, whereupon the court informed appellant that he would be given a day in which to get counsel, and the case was re-set for trial for the next day. We are of the opinion that appellant's statement to the court on Wednesday that he wanted counsel was sufficient to advise the court that he desired counsel and to call the court's attention to his mandatory duty under Art. 776, supra.

The district attorney, in his motion for rehearing, has misconstrued our opinion on the original submission as holding that Art. 776, supra, requires the court to appoint an attorney to defend an accused generally during the trial of the case. Such is not our holding. We only held that Art. 776, supra, requires that the court appoint an attorney to prepare and present an application for suspension of sentence. An attorney appointed

under this statute is under no duty to defend an accused generally during the trial, but only required, in connection with his preparation and presentation of the application for suspension of sentence, to advise the accused as to his rights and to the making of proof in support of the application.

The state's motion for rehearing is overruled.

Opinion approved by the Court.