**Chester McKINZIE, Petitioner,**

v.

**O. B. ELLIS, Director, Texas Department of Corrections, Respondent.**

**Civ. A. No. 12957.**

United States District Court
S. D. Texas,
Houston Division.

July 8, 1960.

hamper the demanding government in extradition proceedings. Cf. Factor v. Laubenheimer, supra.

Sam S. Minter, Houston, Tex., court-appointed attorney for petitioner.

Will Wilson, Atty. Gen. of Texas, and J. G. Davis, Asst. Atty. Gen. of Texas, for respondent.

INGRAHAM, District Judge.

Petition for the writ of habeas corpus by petitioner in custody of the State of Texas under conviction of robbery by assault. Upon consideration of said petition the court ordered that the writ of habeas corpus be issued, returnable on March 9, 1960, and that respondent appear before the court on said date to show cause why the relief prayed for should not be granted. Respondent disclosed the authority by which he claims lawful custody of petitioner and moved to dismiss the petition. On March 9, 1960, respondent appeared with petitioner in custody for hearing on the show cause order. At the request of petitioner the court appointed counsel for his assistance and passed the case at the instance of petitioner and his counsel. On April 29, 1960, the court heard evidence and argument of counsel, includ-

ing testimony by petitioner and other witnesses. The case is submitted upon the record and briefs of the parties.

Petitioner was indicted in Dallas County, Texas, on February 24, 1953, for robbery by firearms, which is a capital felony under Texas law. Article 1408, Vernon's Texas Penal Code. Petitioner's Exhibit No. 5 shows that said case was docketed in the Criminal District Court of Dallas County, Texas, hereafter referred to as "the Texas court", under No. 3009-H. This exhibit further reveals that on February 26, 1953, A. A. McDaniel was appointed counsel for petitioner. At the hearing on his petition for habeas corpus petitioner testified that he was brought from jail before the Texas court and asked by the court if he desired appointed counsel. He further testified that he was without funds at that time to employ a lawyer of his choice and acquiesced in the court's appointment of counsel for him.

On March 18, 1953, the firearms allegation of the indictment was dismissed, thereby reducing the alleged offense to robbery by assault, a non-capital felony. Article 1408, Vernon's Texas Penal Code. Following announcement of ready for trial by both parties on March 18, 1953, the firearms allegation was struck from the indictment. The jury was selected and trial begun. Upon arraignment petitioner pleaded guilty to the charge before the court, namely, robbery by assault. Upon a jury verdict of guilty his punishment was assessed at confinement in the penitentiary for 25 years. Petitioner testified that he pleaded guilty upon the advice of his court-appointed counsel, McDaniel, and that said attorney argued briefly to the jury.

By stipulation of the parties and as shown by Exhibit "C" to petitioner's petition, it appears that McDaniel, at the time of his representation of petitioner before the Texas court, was not authorized to practice law in the State of Texas, since his name had been removed from the rolls of the State Bar of Texas for non-payment of membership dues.

McDaniel's disqualification was based upon the following statute and court rule. The State Bar Act, Article 320a-1, Section 3, Vernon's Texas Civil Statutes, stated on February 26, 1953, the date of McDaniel's appointment:

"All persons who are now or who shall hereafter be licensed to practice law in this State shall constitute and be members of the State Bar, and shall be subject to the provisions hereof and the rules adopted by the Supreme Court of Texas; and all persons not members of the State Bar are hereby prohibited from practicing law in this State."

Article IV, Section 5, of the rules governing the State Bar of Texas, promulgated by the Supreme Court of Texas, read as follows on February 26, 1953, Vernon's Ann.Civ.St. following art. 320a-1:

"A member in default of payment of the fee for sixty days after it is due, shall be regarded as delinquent and shall be given written notice thereof by the Clerk of the Supreme Court. If the delinquent member fails to pay such fee within thirty days thereafter, he shall cease to be a member, but shall be reinstated upon payment of the fees due at the time he ceased to be a member, together with fees for the current year. If at the end of ninety days after June 1, a member has not paid to the Clerk membership dues for the current year, the Clerk shall strike from the rolls of the State Bar the name of the delinquent member."

It appears that McDaniel's name was dropped from the rolls for non-payment of membership dues for the years 1951, 1952, and 1953 but that he was reinstated in September 1953, six months after petitioner's trial. Said attorney was deceased at the time of this proceeding.

Petitioner contends that the appointment of counsel by the Texas court, not qualified to practice law under the stat-

utes and court rules of the State of Texas, constituted a denial of due process of law guaranteed by the Fourteenth Amendment, rendering his confinement by respondent unlawful, since the Texas court was under a statutory obligation to appoint counsel for him or, if not so required, under a voluntarily assumed duty to appoint counsel effectively.

Respondent contends that petitioner was not denied due process of law guaranteed by the Fourteenth Amendment through the appointment of counsel not authorized to practice law under the statutes and court rules of the State of Texas. He argues that the Texas court was not under a statutory obligation to appoint counsel for petitioner when charged with a non-capital felony and that due process of law under the Fourteenth Amendment requires appointment of counsel in non-capital cases only under special circumstances not alleged by petitioner. He denies that the Texas court voluntarily assumed a duty to make an effective appointment of counsel.

The court believes that the petition is without merit and that the relief prayed for by petitioner should be denied. This decision is based upon the following conclusions: (1) that the Texas court was not under a statutory obligation to appoint counsel for petitioner; (2) that the Texas court was not required by the due process clause of the Fourteenth Amendment to appoint counsel for petitioner; and (3) that petitioner was not denied a fair and adequate trial by the appointment of McDaniel.

■ The first question for consideration is whether the Texas court was under a statutory obligation to appoint counsel for petitioner in the circumstances stated. An obligation to appoint counsel is alleged to arise under Texas law in the following manner. Article 1, Section 10, of the Constitution of the State of Texas, Vernon's Ann.St., requires that in all criminal prosecutions the accused shall have the right of being heard by himself or by counsel or both.

Article 494 of Vernon's Texas Code of Criminal Procedure provided on February 26, 1953:

"When the accused is brought into court for the purpose of being arraigned, if it appear that he has no counsel and is too poor to employ counsel, the court shall appoint one or more practicing attorneys to defend him. The counsel so appointed shall have at least one day to prepare for trial."

Article 491 of Vernon's Texas Code of Criminal Procedure stated on February 26, 1953:

"There shall be no arraignment of a defendant except upon an indictment for a capital offense."

In Holton v. State, 1942, 143 Tex.Cr. R. 415, 158 S.W.2d 772, at page 774, the Court of Criminal Appeals of Texas succinctly construed these statutes:

"Consequently the court is not required to appoint an attorney unless the accused is being arraigned and is too poor to employ counsel. Therefore, in view of Article 491, supra, this court has heretofore held that the trial court is only required to appoint an attorney when the accused is charged with a capital offense since there is no arraignment of one charged with crime except in capital cases."

Petitioner contends that the facts of this case bring it within the holding of the Court of Criminal Appeals of Texas in Martinez v. State, 1958, 318 S.W.2d 66, in which the court reversed a conviction for murder, a capital felony, where the accused's court-appointed counsel was not authorized to practice law in Texas, since his name had been removed from the rolls of the State Bar of Texas for nonpayment of membership dues. The case had gone to trial upon the confession of the accused, corroborated by other state's evidence, that he had killed the deceased. The defense was a plea of insanity. The court ruled that the constitution and laws of Texas require the appointment of counsel for

an accused who is tried for a capital felony and who is too poor to employ counsel and that the failure to appoint a duly-qualified practicing attorney was error. Though it remarked that the due process clause of the Fourteenth Amendment requires the appointment of counsel in a capital case, the court relied primarily on the mandatory provisions of Texas law requiring appointment of counsel and prohibiting unauthorized persons from practicing law.

Petitioner argues that the Martinez case is applicable, since he was "arraigned" and entered his plea of guilty upon the advice of counsel who was not authorized to practice law. Since the Texas court failed to make an effective appointment of counsel, he claims that violation of this statutory requirement constitutes a deprivation of due process under the Fourteenth Amendment.

Respondent maintains that the Martinez case is inapplicable, since the Texas court was not under a statutory obligation to appoint counsel for petitioner until he was arraigned and at that time he was not charged with a capital felony. He would further show that the Court of Criminal Appeals has held that the Martinez case is not applicable to petitioner.

On June 19, 1959, the court denied petitioner's application for habeas corpus on this ground, stating:

"This is petitioner's second application for writ of habeas corpus. He now contends that the attorney appointed to represent him was not a member of the bar in good standing at the time of his trial.

"Though petitioner was charged with a capital offense, he was tried for a non-capital felony, and no showing has been made as to petitioner's age, education or the complexity of the proceedings against him so as to make necessary the appointment of an attorney to represent him at the trial of such case.

Application for permission to file writ of habeas corpus is denied."

Ex parte Chester Lee McKinzie, App. No. 452, June 19, 1959; certiorari denied McKinzie v. Texas, 361 U.S. 869, 80 S.Ct. 130, 4 L.Ed. 2d 108.

■ The court believes that the Texas court was not under a statutory obligation to appoint counsel for petitioner in the circumstances stated. The limitation of the Martinez case to trial of capital felonies, implicit in the denial of petitioner's application for habeas corpus by the Court of Criminal Appeals, is persuasive. In construing or applying provisions of the constitutional or statutory law of another state, a court should usually follow the decisions of the courts of that state. Moore v. Atlantic Coast Line R. Co., 2 Cir., 1946, 153 F.2d 782.

If the facts of the case are examined without the benefit of state interpretation, it still appears that petitioner was brought before the court or "arraigned" on a non-capital felony, robbery by assault, since the firearms allegation was dismissed before "arraignment". There is no indication that petitioner was arraigned on the capital charge of robbery by firearms prior to his appearance for trial on March 18, 1953. Though counsel was appointed while petitioner was charged with a capital felony and advised him to plead guilty to a lesser offense, no statutory obligation to appoint counsel ever arose, since petitioner never stated his plea on a capital charge. His "arraignment" on a non-capital felony subsequent to selection of the jury was at most harmless error.

■ There is no statutory obligation for a Texas court to appoint counsel for an accused charged with a non-capital felony. The Texas court was bound only by the due process clause of the Fourteenth Amendment and the Texas decisions in accordance therewith to appoint counsel in circumstances where an accused, charged with a non-capital felony, would not enjoy a fair trial without the assistance of counsel. Parsons v. State, 1949, 153 Tex.Cr.R. 157, 218 S.W. 2d 202; Johnson v. State, 1952, 157

Tex.Cr.R. 564, 251 S.W.2d 739; Moore v. State, Tex.Cr.App.1959, 324 S.W.2d 879. This conclusion is confirmed by reference to the leading law reviews of the state. "The right to the Assistance of Counsel under the Federal Constitution," 23 Texas Law Review (1944) pp. 66–77; "Appointment of Counsel for Indigent Accused," 28 Texas Law Review (1949) pp. 236–257; "Accused's Right to Counsel," 4 Southwestern Law Journal (1949) pp. 272–275; "Criminal Law-Appointment of Counsel," 7 Baylor Law Review (1955) pp. 108–115.

The Texas statutes require the appointment of counsel, however, for specific purposes in trials for non-capital offenses. These statutory "exceptions" to the "common law" rule include (1) a plea of guilty *and* a waiver of jury trial (Article 10a, Vernon's Texas Code of Criminal Procedure); (2) an application for suspended sentence (Article 776, Vernon's Ann.C.C.P.); and (3) insanity after conviction (Article 923, Vernon's Ann.C.C.P.). None of these exceptions has proved to be a "growing point" for any general right to counsel in trials for non-capital offenses. All are limited to the language and purpose of the statute involved. See Diaz v. State, 1954, 159 Tex.Cr.R. 545, 266 S.W.2d 136, in connection with application for suspended sentence under Article 776.

The only exception that possibly could apply to petitioner is Article 10a, which requires appointment of an attorney before a defendant can agree to waive a jury trial. In the present case petitioner pleaded guilty but did not waive jury trial. All of the cases invalidating convictions under Article 10a for failure to appoint counsel involved both a plea of guilty and a waiver of jury trial.[1] None of them involved only a plea of guilty, though such a plea is necessary

before a waiver of jury trial can be entered. This development of the law is logical because Article 10a turns on waiver of jury trial, rather than entry of a plea of guilty. Since petitioner did not waive jury trial, Article 10a did not require the Texas court to appoint counsel for him.

The court will now consider whether there was a denial of due process in the absence of any statutory obligation upon the Texas court to appoint counsel. The standard of due process in such circumstances is well expressed by the Supreme Court of Illinois in People v. Cox, 1957, 12 Ill.2d 265, 146 N.E.2d 19, 68 A.L.R. 2d 1134. In that case the accused sought relief under a post-conviction hearing act on the ground that his attorney at the time of his conviction for murder had never been licensed to practice law in Illinois. While it considered the right to counsel to include only the assistance of duly-qualified attorneys, the court did not believe that representation by one other than a licensed attorney *ipso facto* deprived an accused of his constitutional rights. It concluded that "the test of due process is not whether the defendant had an attorney, licensed or unlicensed, but whether, under all the circumstances of the case, his conviction was obtained in such a manner as to be offensive to the common and fundamental ideas of what is fair and what is right." Cox, supra, 146 N.E.2d at page 23.

■ Similarly the Supreme Court of the United States strictly requires state courts to appoint counsel for indigent persons only in capital cases under the Fourteenth Amendment. It only requires the assistance of counsel in non-capital cases where there are special circumstances showing that otherwise the accused would not enjoy a fair and adequate trial.[2] These precedents have

1. Hernandez v. State, 1939, 138 Tex.Cr. R. 4, 133 S.W.2d 584; Ex parte Dooley, 1952, 157 Tex.Cr.R. 57, 246 S.W.2d 631; Wilson v. State, 1952, 157 Tex.Cr.R. 642, 252 S.W.2d 197; Ex parte Rawlins, 1953, 158 Tex.Cr.R. 346, 255 S.W.2d 877; Ex parte Kelley, 1955, 161 Tex.Cr.

R. 330, 277 S.W.2d 111; Ex parte Washington, Tex.Cr.App.1959, 328 S.W. 2d 188.

2. Betts v. Brady, 1942, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595; Rice v. Olson, 1945, 324 U.S. 786, 65 S.Ct. 989, 89 L.Ed. 1367; Bute v. People of

been followed by the Court of Criminal Appeals of Texas in the Parsons, Johnson, and Moore cases noted above.

All of the cases concerning the due process clause should be clearly distinguished from those involving constitutional provisions, analogous to the Sixth Amendment, which require the assistance of counsel in all criminal prosecutions. Thus petitioner misapprehended the effect of Jones v. State, 1938, 57 Ga.App. 344, 195 S.E. 316, and Baker v. State, 1912, 9 Okl.Cr. 62, 130 F. 820, which involved violations of such mandatory state laws requiring the assistance of counsel, rather than deprivations of due process of law.

In the present case there was no strict requirement for the Texas court to appoint counsel under the Fourteenth Amendment, since petitioner was never arraigned or required to state his plea on a capital charge. Petitioner does not allege any special circumstances, such as his age, education, inexperience with criminal procedure, or the complexity of the proceedings against him, that would require the assistance of counsel to afford him a fair and adequate trial in a non-capital case. He does not claim misconduct of the prosecuting officials or of the trial court. Considering all the facts of the case, the court does not believe that the Texas court was obligated to appoint counsel for petitioner.

■ Likewise, it cannot be said that the Texas court voluntarily assumed a duty to make an effective appointment of counsel and that, failing to appoint a duly-licensed attorney, a denial of due process occurred. Due process of law embodies fundamental concepts of justice necessary for a fair and adequate trial. These ideas of fairness are not only guarantees of personal liberty but are basic, minimum standards by which the Fourteenth Amendment limits the sovereignty of the states. That a state court may inadvertently fail to make an effective appointment of counsel does not impose a higher standard than the due process clause would require in the absence of an attempted appointment, unless grave injustice to the accused can be shown. The treatment of an accused required by the due process clause cannot be equated with the standard of reasonable care required in assumption of a duty in tort law. Such a standard would penalize the state courts for harmless error and would eliminate the concepts of fundamental fairness based upon evalution of all the circumstances surrounding the trial.

Finally, the court will consider whether the appointment of McDaniel did petitioner a grave injustice and thereby denied him a fair and adequate trial. The cases requiring the effective appointment of counsel can be distinguished from the present case. In Powell v. State of Alabama, 1932, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, the state court was obligated to appoint counsel in a capital case. There was a failure to make an effective appointment of counsel because no specifically assigned or responsible counsel was appointed. Grave injustice to defendants resulted, since they were denied real assistance of counsel in the preparation of their cases as well as at their trials.

Similarly, Johnson v. United States, D.C.Cir.1940, 110 F.2d 562, was another capital case where appointed counsel failed to produce all available evidence and filed no brief on appeal. The recent case of MacKenna v. Ellis, 5 Cir., 1960, 280 F.2d 592, concerned the appointment of inexperienced and ineffective counsel who may have had a compromising relationship with the prosecution. These cases are distinguishable because they involved grossly inadequate appointment of coun-

State of Illinois, 1948, 333 U.S. 640, 68 S.Ct. 763, 92 L.Ed. 986; Uveges v. Com. of Pennsylvania, 1948, 335 U.S. 437, 69 S.Ct. 184, 93 L.Ed. 127; Gibbs v. Burke, 1949, 337 U.S. 773, 69 S.Ct. 1247, 93 L.Ed. 1686; Gallegos v. State of Nebraska, 1951, 342 U.S. 55, 72 S.Ct. 141, 96 L.Ed. 86; Palmer v. Ashe, 1951, 342 U.S. 134, 72 S.Ct. 191, 96 L.Ed. 154; Cash v. Culver, 1959, 358 U.S. 633, 79 S.Ct. 432, 3 L.Ed.2d 557.

sel. Furthermore, the Powell and Johnson cases concerned capital felonies for which the assistance of counsel is strictly required.

In the present case petitioner has failed to show that grave injustice resulted from the appointment of McDaniel and that he was denied a fair and adequate trial. It is true that petitioner was charged with a capital felony when McDaniel was appointed his counsel, yet the Texas court was not obligated to appoint counsel until arraignment. Because of the dismissal of the firearms allegation, petitioner was not charged with a capital felony when arraigned, and no obligation to appoint counsel ever arose.

Counsel had been appointed, however, who complied with the requisites of practice in Texas, so far as the record shows, except for payment of membership dues. Three weeks elapsed between the appointment of McDaniel and petitioner's arraignment and trial. There is no indication that McDaniel did not consult with petitioner and investigate and prepare the case during that period. What role McDaniel may have played in the dismissal of the firearms allegation does not appear in the record. It must be recognized, though, that reduction of the offense charged may well have been the only way to avoid the death penalty. Such an evaluation of the situation was within the professional competence of McDaniel. There is no showing of incompetence in his advice to petitioner nor in his conduct of the trial.

The only question of competence alleged is that McDaniel was not authorized to practice law in Texas at the time of his representation of petitioner since his name had been removed from the rolls of the State Bar of Texas for non-payment of membership dues. Under Article IV, Section 5, of the State Bar Rules, McDaniel was entitled to reinstatement upon payment of back dues without further proof of competence. He was so reinstated in September 1953. The qualification of attorneys to practice before the courts is left to the law schools, the Board of Law Examiners, and the grievance committees.

In characterizing McDaniel's competence the court is inclined to agree with the conclusion of the dissenting judge in Martinez v. State, supra:

"\* \* \* His delinquency in the payment of his bar dues in no wise detracted from or affected his representation of his client." Martinez, supra, 318 S.W.2d at page 71.

The relief prayed for by petitioner will be denied. The clerk will notify counsel to draft and submit judgment accordingly. True copies hereof will be forwarded by the clerk to the petitioner and counsel of record.