**John Thomas BEARD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42870.**

Court of Criminal Appeals of Texas.

May 20, 1970.

Rehearing Denied July 15, 1970.

Walter Boyd, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Ray Montgomery, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is rape; the punishment, 99 years.

▌ Appellant's first ground of error is that the court's charge did not limit the jury's consideration of the extraneous offenses to the issue of the flight of the defendant, but permitted the jury to consider the extraneous offenses on the issue of appellant's identity. While it is true that the court originally admitted the evidence of such offenses to show flight, at the conclusion of the trial, he must have concluded, as we now do, that they also are admissible on the question of his identity. When appellant testified that he had never seen any of the witnesses who appeared for the state against him prior to the trial, he was in effect saying that he was not at any of the scenes described by the witnesses and was tantamount to a defense of alibi; therefore, it brings this case under the rule which is quoted in Smith v. State, Tex.Cr. App., 409 S.W.2d 409.

▌ His second ground of error is that the court erred in permitting the state to prove a 1947 felony conviction from the State of Louisiana. Such a conviction was not too remote because of intervening convictions as discussed in Walker v. State, 166 Tex.Cr.R. 297, 312 S.W.2d 666. Appellant's contention is that it was inadmissible, because he was convicted without the aid of an attorney, and yet in his brief, we find that "admittedly the record does not show that the defendant was indigent at the time of his 1947 felony conviction." Appellant contends that because he testified that he was picked up on a Monday, taken before the judge on Friday, and did not have time to get a lawyer brings his case within the rule announced in Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L. Ed.2d 319. We do not interpret Burgett, supra, in this manner.

His reliance upon Moore v. State, 168 Tex.Cr.R. 274, 324 S.W.2d 879, is misplaced because that was a direct appeal, and here we have a collateral attack.

▌ Appellant's third ground of error relates to the failure of the court to admit in evidence the testimony of Attorney Fred Dailey. This seems to be a question of first impression. In the jury's absence, Dailey was called and appellant's counsel stated, "I need the jury in here." State's counsel stated, "Mr. Dailey was the attorney that appeared in behalf of this defendant in the lineup on not the case he's on trial for but the case where Brenda Joyce Jackson is the complainant," and then suggested that this was "a question of law and not proper for the jury." Brenda Joyce Jackson was the injured child in one of the extraneous offenses discussed earlier. The court heard the attorney's testimony and we have reviewed the same. Dailey was unable to identify the appellant as being one of the men in the lineup which he witnessed and for this reason, the court held his testimony inadmissible. We need not decide whether the same was admissible,

because a review of what he told the court reflects that it would have been of more benefit to the state than to the appellant. There was no intimation of any rigging of the lineup. Neither the officers nor those present suggested identification of anyone in the lineup. At most, Dailey said, "One of the young ladies was visibly excited, and one of the older women with her put her arm around her and tried to comfort her. She didn't sob out loud, but I could tell that she was visibly moved by somebody in the lineup."

Finding no reversible error, the judgment is affirmed.

ONION, Judge (concurring).

I concur in the result reached, but would add my remarks as to the disposition of ground of error #2.

Appellant claims that a 1947 felony conviction from the State of Louisiana, void under the rationale of Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319, was used to impeach his credibility while testifying in his own behalf. We need not reach the question of whether Burgett bars the use of such conviction for impeachment purposes in view of the facts. Prior to taking the stand the appellant objected to the use of such conviction because he was without counsel, but did not claim he was indigent at the time. After his motion was overruled he took the stand and on direct examination admitted such felony conviction.

Only recently in Shorter v. United States, 9 Cir., 412 F.2d 428, the defendant took the stand and admitted his 1958 and 1959 Louisiana convictions, claimed to be infirm, as a part of trial strategy "to soften the anticipated blow" without waiting to see whether the prosecutor would change his mind as to his announced intention to use such convictions for impeachment. Under such circumstances the Ninth Circuit avoided the question of whether the rationale of Burgett extends to the impeachment of an accused testifying in his own behalf. Since the appellant himself injected the conviction into evidence as a part of his trial strategy, I concur in the overruling of ground of error #2.