**Wallace Martin JOHNIGAN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 47314.**

Court of Criminal Appeals of Texas.

Nov. 28, 1973.

Rex Kirby, Tyler, for appellant.

Curtis L. Owen, Dist. Atty., Tyler, Jim D. Vollers, State's Atty., Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

CORNELIUS, Commissioner.

Appellant was convicted of murder without malice for the killing of John Herman

Mims, and his punishment was assessed at five years' confinement.

The offense occurred on May 21, 1971, at an American Legion Hall in Tyler. The deceased, along with a group of other persons, was leaving the hall and as he came out of the building a young lady was behind him and Robert McCloud was behind her. Appellant shot a pistol at McCloud. McCloud was hit and wounded, but Mims was either pushed or ran into the line of fire and was killed. Appellant testified that he fired once or twice, but other witnesses testified that there were two or three shots fired. Appellant contended that he fired at McCloud in self-defense, and that he did not intend to hit Mims. He testified to previous threats and to difficulties between him and McCloud and that he thought McCloud was going for a weapon when he shot at him in self-defense. There were other matters and issues raised which complicated the trial, but which are not pertinent to our inquiry.

Two grounds of error are urged on appeal. The first ground contends that the evidence is insufficient to support the conviction.

█ The claim that the evidence is insufficient is based mainly upon the contention that the State's evidence was seriously conflicting and was not credible, and that there was no evidence that a shot fired by the appellant, rather than one possibly fired by someone else, actually hit and killed Mims. There was direct testimony, however, from the witness Opal Green that as the group left the building she saw appellant standing outside the building with a pistol in his hand and that he fired the pistol at McCloud. She also testified that she saw the "blaze" from the gun, and then Mims fell. Even the appellant testified that he fired at McCloud, intending to hit him and ". . . all of a sudden after the shot was fired John (the deceased) fell off the porch . . ." There was no evidence that anyone else had been seen with a gun or that other shots were fired.

There were many conflicts in the evidence, and appellant presented considerable evidence to support his defensive theories. The jury, however, rejected his defenses and resolved the conflicts against him, as it had the right to do. We have carefully reviewed the record, and the evidence is sufficient to sustain the conviction under the rule of transferred intent. Article 42, Vernon's Annotated Penal Code. Ground of error Number One is overruled.

Ground of error Number Two contends that the trial court erred in refusing to require the State's counsel to allow appellant's counsel to inspect a transcript of the grand jury testimony of the witness Denise Cox. The record reveals that the transcript was lying on the counsel table, possibly covered by other papers, during the questioning of Denise Cox. The prosecutor asked Denise Cox several times if she had made inconsistent statements under oath to him or before the grand jury. In each case she either denied making inconsistent statements, or maintained that she could not remember any inconsistency in her testimony. The prosecutor made no attempt to contradict her by referring to the transcript or to read or quote from the transcript, and it was never exhibited or displayed to the jury.

█ When the grand jury transcript is used by the prosecutor in questioning the witness, or portions of it are introduced in evidence, the accused is entitled to inspect and use the transcript insofar as it covers the same subjects involved in the portions used or introduced by the prosecution. Garcia v. State, Tex.Cr.App., 454 S.W.2d 400, and cases there cited.

█ Here, the transcript was not read from or quoted, and was not displayed to the jury. In addition, there was no showing of any variance between the witness' trial testimony and her testimony in the grand jury transcript, nor was any other particularized need shown. It was therefore not error for the trial court to refuse appellant's request. Nisbet v. State, 170

Tex.Cr.R. 1, 336 S.W.2d 142, certiorari denied 362 U.S. 829, 80 S.Ct. 1601, 4 L.Ed.2d 1524; Angle v. State, 165 Tex.Cr.R. 305, 306 S.W.2d 718; Garcia v. State, supra. Ground of error Number Two is overruled.

The judgment of the trial court is affirmed.

Opinion approved by the Court.